644 A.2d 787

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Solomon K. HICKMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 16, 1994.

Filed July 11, 1994.

would affirm on the basis of the trial court opinion on both of these issues.

Chris R. Eyster, Pittsburgh, for appellant.

Michael Streily, Asst. Dist. Atty., Pittsburgh, for Com. appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County which dismissed, without a hearing, appellant's petition for relief pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. § 9541 *et seq.* Herein, appellant alleges the lower court erred in denying his petition without a hearing since he alleged that his trial counsel was ineffective for failing to file a motion to reconsider sentence and a direct appeal. We agree with appellant and remand for a hearing on the issue of whether trial counsel's actions deprived appellant of his constitutional right to a direct appeal from his judgment of sentence and, thus, appellant should be permitted to appeal *nunc pro tunc.*

The record reveals that on October 11, 1989, appellant pleaded guilty to seven counts of robbery, four counts of possession of a prohibited offensive weapon, one count of forgery, one count of attempted escape, one count of possession of weapons or implements of escape and one count of criminal conspiracy. On December 1, 1989, appellant was sentenced to an aggregate term of not less than fourteen years nor more than twenty-eight years of incarceration. Appellant alleged in his *pro se* PCRA petition that trial counsel unlawfully induced his guilty plea by indicating that his sentence was to be lighter than that actually imposed. He also alleged in his counseled PCRA petition that he directed counsel to file a motion to modify sentence and to file a direct appeal. However, post sentencing motions and a direct appeal were not filed.

In denying appellant's PCRA petition, the lower court reasoned that appellant was actually attempting to attack the discretionary aspect of his sentence in the post conviction

proceeding. Since issues related to the discretionary aspect of a sentence are not cognizable PCRA claims, *see Commonwealth v. Wolfe*, 398 Pa.Super. 94, 580 A.2d 857 (1990), the lower court concluded that the petition should be summarily dismissed. However, we disagree with the lower court's analysis.

Instantly, the important issue before the PCRA court was *not* the propriety of appellant's sentence. Although appellant ultimately wants to have his sentence reviewed, he currently seeks permission to file a direct appeal *nunc pro tunc* on the grounds that he asked counsel to file a motion to modify sentence and a direct appeal and counsel neglected to act on appellant's requests. Thus, appellant submits that his constitutional right to a direct appeal was violated by counsel's failure to act as requested. Such a claim is certainly cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(v). If appellant's averments are true, then appellant would be entitled to a direct appeal *nunc pro tunc*. *See, Commonwealth v. Hoyman*, 385 Pa.Super. 439, 442–43, 561 A.2d 756, 758 (1989); *Commonwealth v. Miranda*, 296 Pa.Super. 441, 451, 442 A.2d 1133, 1138 (1982). Accordingly, we remand for a hearing on appellant's PCRA petition to determine whether prior counsel's actions deprived appellant of his constitutional right to a direct appeal. If so, then appellant should be permitted the right to appeal *nunc pro tunc*.

Order reversed. Case remanded for proceedings in accordance with this opinion.