**COMMONWEALTH of Pennsylvania**

v.

**Jesse D. LANTZY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 25, 1997.

Filed April 13, 1998.

Bruce F. McKenrick, Ebensburg, for appellant.

Christian A. Fisanick, Asst. Dist. Atty., Barnesboro, for Com., appellee.

Before McEWEN, President Judge, and CAVANAUGH, CIRILLO, TAMILIA, POPOVICH, JOHNSON, HUDOCK, FORD ELLIOTT and EAKIN, JJ.

JOHNSON, Judge:

In this appeal, we are asked to determine whether a Post Conviction Relief Act (PCRA) petitioner may, after having withdrawn his direct appeal and post-sentence motions contesting the validity of his guilty plea and sentence, restore these challenges by asserting that sentencing counsel was ineffective for advising him to withdraw his appeal and motions in return for a modified sentence. Jesse D. Lantzy maintains that by following his counsel's advice, he was deprived of the right to take a direct appeal when a panel of this Court vacated his modified sentence and reinstated his original sentence. Because we conclude that Lantzy has failed to fulfill the PCRA requirement of establishing that counsel's actions undermined the truth-determining process to the extent that no reliable determination of guilt or innocence could have taken place, we affirm.

On September 3, 1992, Lantzy entered pleas of guilty to theft, 18 Pa.C.S. § 3921(a), receiving stolen property, 18 Pa.C.S. § 3925, and unauthorized use of an automobile, 18 Pa.C.S. § 3928(a). The court then sentenced Lantzy to an aggregate term of 5 years 11½ months' to 11 years 11 months' imprisonment for these crimes. Dissatisfied, Lantzy filed post-sentence motions to modify his sentence, to recuse the sentencing judge, and to withdraw his guilty plea. He also filed a direct appeal to this Court. The trial court scheduled a hearing to entertain these motions; however, it did not expressly grant reconsideration or vacate its previous judgment of sentence within 30 days. In the meantime, Lantzy's counsel, David Kaltenbaugh, was able to negotiate a reduced sentence of four to eight years' incarceration. In return, Lantzy promised the Commonwealth that he would pay $2500.00 in restitution and withdraw his appeal and post-sentence motions. Lantzy's appeal and post-sentence motions were eventually withdrawn, and on December 18, 1993, the court imposed a sentence that reflected this agreement.

Shortly thereafter, however, Lantzy breached the agreement. Despite having withdrawn his notice of appeal and post-sentence motions, Lantzy insisted that his guilty plea counsel, Attorney Kevin Rozich, and his sentencing counsel, Attorney Kaltenbaugh, rendered ineffective assistance; consequently, he filed a number of pro se motions seeking to modify his newly reduced sentence and to withdraw his guilty plea. The trial court denied these motions, and Lantzy filed a pro se appeal. Holding that the sentence modification was invalid due to jurisdictional considerations, a panel of this Court quashed the appeal and reinstated Lantzy's original sentence. *Commonwealth v. Lantzy*, 439 Pa.Super. 669, 653 A.2d 1301 (1994) (table). This determination left Lantzy with his original sentence, and due to his earlier withdrawal of his appeal and post-sentence motions, he had exhausted his ability to challenge it via a direct appeal.

On April 16, 1996, Lantzy filed a PCRA petition asserting that (1) Attorney Kaltenbaugh was ineffective for advising him to withdraw his original appeal and post-sentence motions in exchange for a sentence that, ultimately, was vacated, and (2) that the Commonwealth improperly obstructed his right to appeal. This latter argument, however, was neither developed in the petition, nor at the PCRA hearing. Subsequently, the PCRA court denied Lantzy relief. The court explained that in negotiating the reduced sentence, counsel's actions were calculated to effectuate Lantzy's best interests and that Lantzy's own conduct led to the reinstatement of the greater sentence. This appeal followed.

On appeal, Lantzy asserts only that he suffered from ineffective assistance of counsel. Nowhere does he argue that his conviction resulted from any other violation of the Constitution of this Commonwealth or the Constitution or laws of the United States. He maintains that because the modified sentence was determined to be invalid, he lost the opportunity to litigate the validity of his plea and sentence. Even though he had previously exercised his right to take a direct appeal and later withdrew that appeal, Lant-

zy nevertheless contends that by following counsel's advice, he was deprived of that right.

■ In reviewing a post-conviction court's grant or denial of relief, we are limited to evaluating whether the record supports the court's findings and whether the order is free of legal error. *Commonwealth v. Yager*, 454 Pa.Super. 428, 434–36, 685 A.2d 1000, 1003 (1996) (en banc), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997); *Commonwealth v. Granberry*, 434 Pa.Super. 524, 529–31, 644 A.2d 204, 207 (1994). Because we are as- signed the duty of interpreting the PCRA as it applies to the matter before us, we must note a recent change in the law affecting its application. Before November 17, 1995, § 9543(a)(2)(v) of the PCRA provided peti- tioners with the possibility of relief where their judgment of sentence resulted from a violation of the United States Constitution that would require the granting of federal habeas corpus relief to a state prisoner. Consequently, at the time this provision was in effect, PCRA relief was available where the petitioner averred that trial counsel was ineffective for failing to file an appeal as requested, thus infringing on the petitioner's right to appeal. *See Commonwealth v. Hick- man*, 434 Pa.Super. 633, 634–35, 644 A.2d 787, 788 (1994). However, Act No. 32 of 1995, November 17, 1995, P.L. 1118 (Spec.Sess. No. 1), narrowed the availability of PCRA relief by eliminating this provision. Such legislation illustrates the limited scope of the PCRA. The PCRA is not designed to afford appellants with the opportunity for relief without limitation; instead its scope has been defined as follows: "[the PCRA] provides for an action by which persons con- victed of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542.

■ Lantzy filed his petition for post-con- viction relief on April 16, 1996, after the above amendment to the PCRA took effect. Accordingly, § 9543(a)(2)(ii) is the sole provi- sion that relates to his ineffective assistance of counsel claim. In order for Lantzy's inef- fective assistance claim to warrant relief un- der this provision of the PCRA, he must plead and prove, by a preponderance of the evidence, that his conviction resulted from "[i]neffective assistance of counsel which, in the circumstance of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or inno- cence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Because the PCRA is de- signed to prevent a fundamentally unfair conviction, we have interpreted this restric- tion to require that an ineffectiveness claim brought under the PCRA raises a question of whether an innocent individual has been con- victed. *Commonwealth v. Korb*, 421 Pa.Su- per. 44, 46–49, 617 A.2d 715, 716–17 (1992). Once the petitioner has satisfied this thresh- old test, he or she must prove "that the underlying claim is of arguable merit, [that] counsel had no reasonable basis for the act or omission in question, and [that] but for coun- sel's act or omission, the outcome of the proceeding would have been different." *Commonwealth v. Appel*, 547 Pa. 171, 199, 689 A.2d 891, 905 (1997); *Commonwealth v. Lewis*, 430 Pa.Super. 336, 341–43, 634 A.2d 633, 636 (1993).

In *Commonwealth v. Petroski*, 695 A.2d 844 (Pa.Super.1997), a panel of this Court addressed whether the denial of the right to a direct appeal could be cured through the filing of a PCRA petition alleging the ineffec- tive assistance of counsel in failing to take an appeal as requested. Although Petroski spe- cifically requested that his attorney take steps necessary to protect his right to appeal and to withdraw his guilty plea, we noted that the PCRA petition contained no aver- ment that the deprivation of the petitioner's right to appeal undermined the truth-deter- mining process. *Id.* at 847. Moreover, the petition neglected to indicate how counsel's actions prevented a reliable determination of guilt or innocence. *Id.* We held that "the Post Conviction Relief Act requires that a petitioner both plead and prove facts estab- lishing that the violation of the constitutional right or the ineffectiveness of counsel so undermined the truth-determining process as to render a finding of guilt unreliable." *Id.* at 844. Because Petroski did not demon- strate how the truth-determining process was affected by counsel's failure to appeal, the petition was properly denied. *Id.* at 847.

*See also Commonwealth v. Tanner,* 410 Pa.Super. 398, 405–07, 600 A.2d 201, 205 (1991) (holding that where the PCRA petitioner failed to establish how the truth-determining process was undermined by counsel's failure to advise him of the possibility of a discretionary appeal to the Supreme Court of Pennsylvania, post-conviction relief was not available).

■ We now believe that *Petroski* deserves some clarification. When counsel takes some action that ultimately infringes on the petitioner's right to a direct appeal, the action may well affect the truth-determining process. As President Judge McEwen points out in his Dissenting Opinion, when the trial court enters final judgment, the truth-determining process is not necessarily complete; the process continues to be worked out through the exhaustion of the petitioner's appeals as of right. *See Evitts v. Lucey,* 469 U.S. 387, 404, 105 S.Ct. 830, 840, 83 L.Ed.2d 821, 835 (1985). Thus, a petitioner alleging that counsel rendered ineffective assistance by obstructing his right to a direct appeal is not always ineligible for relief under the PCRA. In such situations, the truth-determining process may well be implicated.

■ Accordingly, in order to prevail on a PCRA ineffective assistance claim, including those alleging that counsel's actions interfered with the petitioner's right to a direct appeal, the petitioner must plead and prove that his adjudication of guilt was made unreliable through counsel's ineffectiveness. As the ineffectiveness provision of the PCRA states, the petitioner must establish that he suffered from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process, *that no reliable adjudication of guilt or innocence could have taken place.*" 42 Pa.C.S. § 9543(a)(2)(ii) (emphasis added).

■ The Dissent argues that when a defendant is deprived of the right to appeal through counsel's error, the prejudice that the defendant may suffer automatically entitles him to relief under the PCRA. However, as noted above, the purpose of the PCRA is to afford collateral relief only to those individuals convicted of crimes that they did not commit and persons serving illegal sentences. 42 Pa.C.S. § 9542. Thus, if we were to permit a petitioner to obtain PCRA relief where the petitioner does not demonstrate that he was innocent or that his sentence was illegal, we would be ignoring the limited scope of the PCRA as defined by our legislature. If a defendant desires to assert that counsel's ineffective assistance deprived him of the right to appeal, causing him prejudice, but *not affecting the underlying verdict or adjudication,* the defendant can seek relief by requesting an appeal *nunc pro tunc. See Commonwealth v. Stock,* 545 Pa. 13, 19, 679 A.2d 760, 764 (1996) (granting a defendant an appeal *nunc pro tunc* where counsel failed to timely file a direct appeal and noting that "an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to appeal where that right has been lost due to extraordinary circumstances."). The fact that he will not be awarded relief under the PCRA does not prevent the petitioner from obtaining relief altogether.

Accordingly, in light of the principle that a PCRA petitioner alleging ineffective assistance of counsel must always aver and demonstrate that counsel's actions rendered the finding of guilt unreliable, we have examined Lantzy's Motion for Post–Conviction Collateral Relief and the Notes of Testimony from his PCRA evidentiary hearing. A review of Lantzy's petition reveals that he checked the box on the form indicating that he was eligible for relief because of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Motion, filed April 16, 1996, at 2. The petition also contained the statement that in the event that the PCRA appeal was granted, Lantzy would assert that he was innocent. *Id.* at 3. The petition did not attach any affidavits, records or other supporting evidence, but merely asserted that the record in the case supported Lantzy's position. *Id.* at 4.

■ Yet, in order to prevail on his PCRA petition, Lantzy must do more than make bald statements; he must demonstrate by a

preponderance of the evidence that the truth-determining process was compromised before we may reach the merits of his claims. 42 Pa.C.S. § 9543(a)(2)(ii); *Petroski, supra.* While Lantzy's appellate brief suggests that guilty plea counsel wrongfully induced his plea, Lantzy never testified that he was innocent. Indeed, Lantzy testified that at the time the deal was negotiated, he felt that it was to his benefit and that his attorney did a good job. N.T., August 15, 1996, at 12. He did not assert that he appealed the modified sentence because he was innocent of the crimes charged; rather, Lantzy explained that he believed "that there [were] other things about my character that the Court should have listened to … I felt my sentence should have been mitigated further." *Id.* at 13. He went on to explain that the motive for his appeal was the prospect of a lesser sentence and the possibility of work release. *Id.* at 14. Such statements do not suggest that Lantzy was challenging the reliability of his conviction. Again, a PCRA petitioner "must both plead and prove facts which establish that the ineffectiveness of counsel so undermined the truth-determining process *as to render a finding of guilt unreliable.*" *Petroski, supra,* at 847 (emphasis added). By neglecting to provide the court with evidence that he was wrongfully convicted, Lantzy has failed to satisfy his burden. *Id.* Thus, he is not entitled to relief under the PCRA.

We are not here concerned with the legality of Lantzy's sentence. The only sentencing issues that are eligible for relief under the PCRA are those involving sentences greater than the statutory limit; here, Lantzy did not raise such an allegation. 42 Pa.C.S. § 9543(a)(2)(vii); *Lewis, supra,* at 341–43, 634 A.2d at 636. Moreover, contrary to the Dissent's implication, we need not decide the issue of whether Lantzy's other constitutional rights were violated; that question was raised neither before the PCRA court nor this Court. However, even if this question had been set forth, in order to warrant relief for such a claim, the PCRA petitioner must again plead and prove that the violation "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i); *Petroski, supra.* This, Lantzy has failed to do. The sole question for our review was whether Lantzy established that he was entitled to post-conviction relief due to the ineffective assistance of sentencing counsel. Because Lantzy cannot establish that sentencing counsel's conduct resulted in an unreliable conviction, our inquiry must go no further.

We are an error-correcting court and, as such, we may not tread into areas that are not preserved for our review. In analyzing the denial of post-conviction relief, we must consider only the propriety of the order below. *Yager, supra.* After considering the evidence, the scope of the PCRA, and the applicable law, we cannot conclude that the PCRA court's actions were unwarranted. Simply put, Lantzy has failed to demonstrate that the PCRA court arrived at an erroneous result. Although the PCRA court denied Lantzy's motion on the premise that his attorney had a reasonable basis for negotiating the modified sentence, that conclusion is not the basis of our decision. "This Court may affirm a trial court order when it is correct on any legal ground, regardless of the legal basis on which the trial court relied." *Petroski, supra,* at 847, citing *Schimp v. Allaman,* 442 Pa.Super. 365, 370–71, 659 A.2d 1032, 1035 (1995). Because Lantzy has failed to establish that his conviction was unreliable, we are without authority to evaluate his attorney's effectiveness. Consequently, we affirm the order that denied Lantzy's petition for post-conviction relief.

Order **AFFIRMED.**

McEWEN, President Judge, files a Dissenting Opinion, which is joined by CAVANAUGH and POPOVICH, JJ.

McEWEN, President Judge, dissenting:

The Pennsylvania Constitution, in Article V, § 9, confers upon a defendant the absolute right to a direct appeal to the Superior Court. In the absence of a valid, *i.e.,* knowing and voluntary, waiver of that right, counsel is required to protect the client's right to a direct appeal even "where the appeal is

'totally without merit.' "[1] *Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980), *quoting Commonwealth v. Perry*, 464 Pa. 272, 275, 346 A.2d 554, 555 (1975). *Accord: Commonwealth v. Bronaugh*, 447 Pa.Super. 522, 526, 670 A.2d 147, 149 (1995).

When a defendant establishes that counsel's ineffective assistance denied him *entirely* his right to a direct appeal, he is entitled to a direct appeal *nunc pro tunc* without regard to his ability to establish the merit of the issues which he seeks to raise on direct appeal. *See Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982). Likewise, we hold that when counsel's procedural default effectively waives all post-verdict motions, appellant is entitled to pursue post-verdict motions *nunc pro tunc*, without regard to his ability to demonstrate the merit of the claims waived by the default.

*Commonwealth v. Ciotto*, 382 Pa.Super. 458, 461, 555 A.2d 930, 931 (1989) (footnote omitted). *Accord: Commonwealth v. Hickman*, 434 Pa.Super. 633, 644 A.2d 787 (1994).

Prior to the 1995 amendments to the PCRA, this Court had repeatedly held that:

... the dismissal of post-verdict motions or a criminal appeal on the basis of procedural default "improperly places the entire burden of counsel's errors on the *powerless* client, rather than the *offending* counsel." *Commonwealth v. Ciotto*, 382 Pa.Super. 458, 461 n. 1, 555 A.2d 930, 931 n. 1 (1989) (emphasis in original). Thus, "[w]hen a defendant establishes that counsel's ineffective assistance denied him *entirely* his right to a direct appeal, he is entitled to a direct appeal *nunc pro tunc* without regard to his ability to establish the merit of the issues which he seeks to raise on direct

appeal." *Id.* at 461, 555 A.2d at 931 (emphasis in original).

In *Commonwealth v. Hoyman*, 385 Pa.Super. 439, 444, 561 A.2d 756, 759 (1989), *quoting Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980), we stated:

[A]n accused has an absolute right to appeal, Pa. Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waives the right, i.e., for not protecting the accused's right in the absence of an effective waiver.

Where counsel fails to file a timely appellate brief, resulting in the dismissal of an appeal, counsel has waived the right of the accused in the absence of an effective waiver by the accused; counsel cannot be said to have been effective.

*Commonwealth v. Mosteller*, 430 Pa.Super. 57, 62–63, 633 A.2d 615, 618 (1993).

The Pennsylvania Supreme Court in *Commonwealth v. Boyd*, 547 Pa. 111, 688 A.2d 1172 (1997), held that the constitutional right to effective assistance of counsel "may be violated by a failure to properly explain the advantages and disadvantages of accepting or rejecting a plea offer." *Id.* at 116, 688 A.2d at 1175, *citing U.S. ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3d Cir.1982); and *Beckham v. Wainwright*, 639 F.2d 262 (5th Cir.1981). Thus, there can be no reasonable dispute that under both federal and Pennsylvania law the representation provided by appellant's court-appointed counsel,[2] Attorney Kaltenbaugh, in the instant case was ineffective and operated to deprive appellant of his constitutional right to a direct appeal without his knowledge or consent.

In the majority of those cases decided prior to the most recent amendments[3] to the PCRA, a claim that counsel had rendered

---

1. Accommodation of the competing duties owed by counsel (1) to his or her client to protect the right to direct appeal, and (2) to the court not to litigate baseless or frivolous actions, resulted in the procedures set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

2. Since counsel was court appointed, appellant has a federal constitutional equal protection claim as well as a due process claim. *See: Evitts v. Lucey*, 469 U.S. 387, 392 n. 5, 105 S.Ct. 830, 834 n. 5, 83 L.Ed.2d 821 (1985).

3. Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Session No. 1) § 1, effective in 60 days.

ineffective assistance based on a failure to file a direct appeal, despite a request by the client, was held cognizable pursuant to Section 9543(a)(2)(v) of the PCRA, which provided for relief for persons who had been " 'convicted or sentenced as a result of a violation of the provisions of the Constitution, law or treaties of the United States, which would require the granting of federal habeas corpus relief to a state prisoner.' " *Commonwealth v. Boyd, supra* at 115, 688 A.2d at 1174, quoting former 42 Pa.C.S. § 9543(a)(2)(v). Although the right to a direct appeal arises from the Pennsylvania Constitution, "the Due Process Clause of the Fourteenth Amendment has guaranteed to state criminal defendants procedural safeguards not only at the trial level, but also for appeals as of right. *See: Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)." *Burkett v. Cunningham,* 826 F.2d 1208, 1219 (3d Cir.1987).[4]

Our Supreme Court in *Commonwealth v. Boyd, supra,* citing *Turner v. State of Tennessee,* 858 F.2d 1201 (6th Cir.1988); *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435 (3d Cir.1982); and *Beckham v. Wainwright,* 639 F.2d 262 (5th Cir.1981), found that a claim, such as that proffered by appellant Lantzy in the instant appeal, was cognizable under Section 9543(a)(2)(v) of the PCRA.[5] The author of the majority expression has undertaken a thoughtful review and careful analysis before concluding that the Act of November 17, 1995, which deleted Subsection 9543(a)(2)(v) as a basis for relief under the Act, was intended to preclude use of the Post Conviction Relief Act as the method for litigating claims involving the denial by counsel of the right to a direct appeal to the Superior Court. I must very respectfully disagree since I am both (1) unable to agree that the purpose, intent, or effect of the 1995 amendments was to preclude review of claims of the denial of a state constitutional right to a direct appeal[6], and (2) unable to conclude that such an interpretation would be a prudent policy decision even if this Court were empowered to make such a decision.

The PCRA, even as amended by the Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Session No.1) § 1, provides, *inter alia:*

### § 9542. Scope of subchapter

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall

---

**4.** The brief submitted on behalf of the Commonwealth by Chief Deputy District Attorney Christian A. Fisanick, while persuasively arguing for affirmance of the order which dismissed the PCRA petition filed by appellant Lantzy, candidly concedes:

The Commonwealth is aware of the panel decision in *Commonwealth v. Petroski,* 695 A.2d 844 (Pa.Super.1997), which seemingly would apply to this case to deny appellant relief. Read broadly, that case holds that counsel can never be ineffective for fouling up a matter related to an appeal, thereby costing a defendant his direct appeal. "Matters occurring after the judgment of sentence cannot determine what has occurred before." *Id.* at 847. Quite frankly, the Commonwealth is not convinced that *Petroski* was correctly decided. A criminal defendant has a constitutional right to effective assistance of counsel under the Sixth Amendment to the United States Constitution on his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)(counsel ineffective for failing to procedurally perfect direct appeal). To the extent that *Petroski* always denies a defendant the right under the PCRA to challenge his counsel's effectiveness related to perfecting a timely appeal, surely the holding must be incorrect.

**5.** While the opinion of the Court in *Boyd* suggested that a failure to file a direct appeal did not implicate the truth-determining process, the reference, which was dicta, cited to *Commonwealth v. White,* 449 Pa.Super. 386, 391, 674 A.2d 253, 256 (1996).

**6.** The proposed changes effected by Act No. 32 of 1995, were described by the Senate Majority Legal Staff in the analysis of Senate Bill 81 as follows:

Amends Title 42, the Judicial Code, and specifically the Post Conviction Relief Act to provide for post conviction relief. Changes are made to eliminate the overlap which exists between appeals on the State level and appeals to Federal courts by encouraging petitioners to appeal to the state courts first. This subchapter shall apply to all capital and noncapital cases. In order to be eligible for relief, a petitioner must both plead and prove by a preponderance of the evidence a list of requirements relating to his conviction. These requirements remain similar to current law.

be the **sole means of obtaining collateral relief** and **encompasses all other common law and statutory remedies** for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, nor is this subchapter intended to provide a means for raising issues waived in prior proceedings. Except as specifically provided otherwise, all provisions ·of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S. § 9542 (emphasis supplied). Thus, pursuant to the express directive of the legislature, the PCRA was intended to be the **sole** vehicle for litigating claims for collateral relief in state court.

Section 9543(a)(2) provides that a petitioner, in order to be eligible for relief under the PCRA, must plead and prove by a preponderance of the evidence:

(2) That the conviction or sentence resulted from one or more of the following:

(i) **A violation of the Constitution of this Commonwealth** or the Constitution or laws of the United States **which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.** [emphasis supplied]

(ii) **Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or ·innocence could have· taken place.** [emphasis supplied]

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right

of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

The · majority holds that "Section 9543(a)(2)(iii) is the sole provision that relates to [Lantzy's] ineffective assistance of counsel claim." While it strikes me that the averments of appellant's petition implicate both subsections 9543(a)(2)(i) and (ii), I believe that the legislature intended, and the express provisions of the amended PCRA provide, that claims involving the deprivation of the constitutionally guaranteed right of direct appeal to the Superior Court are cognizable via the procedures set forth in the PCRA.

The PCRA, intended by the legislature as the sole[7] means for collaterally challenging criminal convictions, has been carefully amended by the legislature to provide a fair and efficient vehicle for the judicial resolution of collateral challenges to criminal convictions. Our Supreme Court has assisted in that endeavor by promulgating Rules of Criminal Procedure specifically designed to enhance the efficient resolution of such claims. *See:* Pa.R.Crim.P. 1500–1510. The majority, nonetheless, relying on the recent panel decision in *Commonwealth v. Petroski,* 695 A.2d 844 (Pa.Super.1997), concludes that the denial of the right to a direct appeal, guaranteed by (1) Article I, Section 9, of our state constitution, and (2) the due process and equal protection clauses of the United States Constitution, although presumably cognizable under some procedure authorized

---

**7.** Webster's Ninth New Collegiate Dictionary defines the term "sole" as, *inter alia:* "alone; ... the only one", while Black's Law Dictionary defines the term "sole" as: "Single; individual; separate; the opposite of joint; as a *sole* tenant. Comprising only one person; the opposite of aggregate; as a *sole* corporation. Without another or others."

by the Rules of Criminal Procedure, may not be litigated via a PCRA petition.

The panel of this Court in *Commonwealth v. Petroski, supra,* considered whether

> the denial of the constitutional right to a direct appeal from judgment of sentence may be cured by filing a petition for post-conviction relief based only upon the alleged ineffectiveness of trial counsel in failing to follow the client's instructions. We hold that the Post Conviction Relief Act requires that a petitioner both plead and prove facts establishing that the violation of the constitutional right or the ineffectiveness of counsel so undermined the truth-determining process as to render a finding of guilty unreliable.

*Id.* at 844. The panel in *Petroski* concluded that, while an allegation that trial counsel had rendered ineffective assistance as a result of counsel's failure to file a direct appeal as requested, thereby depriving the petitioner of his or her constitutional right to a direct appeal, had previously been cognizable under Section 9543(a)(2)(v) of the PCRA, the removal of that subsection by the Act of November 13, 1995, foreclosed any review of such a claim under the PCRA. This holding, upon which the majority relies in the instant case, conflicts, in my opinion, with controlling precedent from the United State Supreme Court, and, in my view, is a strayful interpretation of the PCRA as amended by our legislature in 1995.[8]

The *Petroski* Court reached its conclusion of ineligibility for relief under the PCRA as follows:

> It may well be that Petroski was prejudiced by counsel's failure to file an appeal. However, before we can reach the issue of whether Petroski was prejudiced by counsel's actions in the case, Petroski must **both plead and prove that the violation of his constitutional right or the ineffec-**

**tiveness of his counsel has "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."** 42 Pa.C.S. § 9543(a)(2)(i) and (ii). Petroski has done neither. **The petition contains no averment that the deprivation of his right to a direct appeal in any way undermined the truth-determining process;** nor does the petition aver that counsel's failure to appeal prevented a reliable determination of guilt or innocence. *Compare Tanner, supra.* **Nor could the petition make these claims, because the truth-determining process and a finding of guilt or innocence both occur during trial.** Matters occurring after the judgment of sentence cannot determine what has occurred before.

*Id.* at 846. (emphasis supplied).[9]

The United States Supreme Court, however, in *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), held that where a state has guaranteed, via its statutes or its constitution, a direct appeal **as of right**, then it has designated that appellate court "as 'an integral part of the ... system for finally **adjudicating the guilt or innocence of a defendant,'** *Griffin v. Illinois,* 351 U.S. 12, 18 [76 S.Ct. 585, 590, 100 L.Ed. 891] (1956), [and] the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey, supra,* 469 U.S. at 393, 105 S.Ct. at 834. (emphasis supplied) The United States Supreme Court in *Evitts v. Lucey, supra,* held that, "[b]y deciding that an appeal is so important that it must be available as a matter of right, a state has 'made **the appeal the final step in the adjudication of guilt or innocence of the individual.'** " *Burkett v. Cunningham,* 826 F.2d 1208, 1221 (3d Cir.1987), *quoting Evitts v. Lucey, supra,* 469 U.S. at 404, 105

---

**8.** As our distinguished colleague, P.J.E. Vincent A. Cirillo noted in *Commonwealth v. Carbone,* 707 A.2d 1145, 1150 (Pa.Super.1998): "[T]he purpose of the [1995] amendments was not to preclude ineffectiveness claims altogether or to preclude relief where the waiver was caused by counsel's ineffectiveness."

**9.** The challenge to counsel's stewardship in *Tanner* was based **not** on a failure to file a direct appeal, but on a failure to advise the defendant of the possibility of seeking a **discretionary** appeal in the Supreme Court. The analysis of *Tanner,* while correct in the context of a discretionary appeal, does not seem validly applicable to a claim involving a failure to file a direct appeal guaranteed as of right.

S.Ct. at 840, 83 L.Ed.2d 821 (1985)(emphasis supplied). Our learned colleague, Judge Zoran Popovich, acknowledged the holding of *Evitts* in *Commonwealth v. Greer*, 382 Pa.Super. 127, 138, 554 A.2d 980, 985 (1989), where a panel of this Court held that "[s]ince the convicted criminal has an appeal as of right to the Superior Court, the appeal to this Court is, in effect, the final step in the adjudication of an individual's criminal status. *Evitts*, 469 U.S. at 404, 105 S.Ct. at 840, *citing Griffin*, 351 U.S. at 18, 76 S.Ct. at 590."

Thus, under controlling federal case law, Lantzy has met the PCRA requirement of establishing that counsel's actions **"undermined the truth-determining process ... "** since counsel's actions precluded Lantzy's appeal as of right to this Court, the last step in the truth-determining process of a criminal trial in this state as established by Art. V, Section 9 of the Pennsylvania Constitution.

I am firmly convinced that our legislature, in amending the PCRA, was fully aware of United States Supreme Court and Circuit Court precedent which provides that where a state provides an appeal as of right to a criminal defendant, that appeal is an integral part of the "truth-determining process". Thus, I am compelled to the conclusion that a failure of court-appointed counsel to perfect an appeal as of right where requested by the defendant is an act which "compromises the truth determining process".

Moreover, I believe that, under both state and federal law, where the defendant establishes that he has been denied the right to a direct appeal, prejudice must be presumed.

The panel in *Petroski* held:

... In this appeal, Petroski goes no further than to claim that he was denied his right to appeal, after having pleaded guilty, without alleging how the truth-determining process may have been affected by his failure to appeal. Thus, we are **unable to discern any harm** that may have resulted from counsel's failure to file an appeal. Petroski has not demonstrated how counsel's alleged ineffectiveness worked to his prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 975–76 (1987).

*Commonwealth v. Petroski, supra* at 847 (emphasis supplied). The majority in the instant case, relying upon *Petroski*, holds that Lantzy was required to

plead and prove, by a preponderance of the evidence, that his conviction resulted from "[i]neffective assistance of counsel which, in the circumstance of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(iii)[sic].... Once the petitioner has satisfied this threshold test, he or she must prove "that the underlying claim is of arguable merit, [that] counsel had no reasonable basis for the act or omission in question, and [that] but for counsel's act or omission, the outcome of the proceeding would have been different." *Commonwealth v. Appel*, 547 Pa. 171, 199, 689 A.2d 891, 905 (1997); *Commonwealth v. Lewis*, [430 Pa.Super. 336] 634 A.2d 633, 636 (Pa.Super.1993).

\* \* \* \*

We noted [in *Petroski* ] that the PCRA petition contained no averment that the deprivation of the petitioner's right to appeal undermined the truth-determining process. *Id.* at 847. Moreover, the petition neglected to indicate how counsel's actions prevented a reliable determination of guilt or innocence. *Id.* at 847. We held that "the Post Conviction Relief Act requires that a petitioner both plead and prove facts establishing that the violation of the constitutional right or the ineffectiveness of counsel so undermined the truth-determining process as to render a finding of guilt unreliable." *Id.* at 844. Because Petroski did not demonstrate how the truth-determining process was affected by counsel's failure to appeal, the petition was properly denied. *Id.* at 847.

Simply put, I differ with the majority as it construes the requirements for establishing prejudice where the underlying allegation is a deprivation of the constitutionally guaranteed right to a direct appeal, since I am of the mind that evidence of the denial of the right to appeal is alone sufficient evidence of

prejudice to require the award of an appeal *nunc pro tunc.*[10]

The United States Circuit Court of Appeals for the 9th Circuit in *Lozada v. Deeds,* 964 F.2d 956 (9th Cir.1992), on remand from the United States Supreme Court, *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991), in a decision reversing the district court's denial of the defendant's request for a certificate of probable cause to appeal pursuant to 28 U.S.C. § 2253, held:

> Relying on *Strickland v. Washington,* 446 [466] U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the district court dismissed the petition, stating: "Lozada completely **fails to demonstrate any prejudice that has resulted because of counsel's deficiency. Lozada did not identify any issue he would have raised on appeal nor did he demonstrate that an appeal might succeed."**

The district court denied Lozada's request for a certificate of probable cause to appeal pursuant to 28 U.S.C. § 2253. We also denied the certificate of probable cause consistent with our previous cases. *See United States v. Lewis,* 880 F.2d 243 (9th Cir.1989); *United States v. Popoola,* 881 F.2d 811 (9th Cir.1989); and *Katz v. United States,* 920 F.2d 610 (9th Cir.1990). *Lewis, Popoola,* and *Katz* all involve a failure to file a notice of appeal. In each we found a lack of prejudice **either because of a failure to allege claimed error or because we concluded that a direct appeal would have been futile.**

The Supreme Court reversed our denial of the certificate of probable cause. *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). The [United States Supreme] Court said:

> We conclude that the Court of Appeals erred in denying Lozada a certificate of probable cause because under the standards set forth in *Barefoot [v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090] Lozada made a substantial showing that he was denied the right to effective assistance of counsel. The District Court rested its analysis on the prejudice prong of the *Strickland* inquiry and that was presumably the basis for the Court of Appeals' decision to deny a certificate of probable cause. We believe the issue of prejudice caused by the alleged denial of the right to appeal could be resolved in a different manner than the one followed by the District Court. Since *Strickland,* at least two Courts of Appeals have presumed prejudice in this situation. *See Abels v. Kaiser,* 913 F.2d 821, 823 (C.A.10 1990); *Estes v. United States,* 883 F.2d 645, 649 (C.A.8 1989); *see also Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969). The order of the Court of Appeals did not cite or analyze this line of authority as reflected in *Estes,* which had been decided before the Ninth Circuit issued its ruling.

*Id.* 498 U.S. at 431, 111 S.Ct. at 862.

We must now decide whether our post-*Strickland* holdings that a section 2254 petition must allege prejudice where there is a failure to file a notice of appeal survive the Supreme Court's holding in favor of Lozada on the issue of probable cause. We hold that they do not.

---

**10.** As Justice Cappy observed in *Commonwealth v. Stock,* 545 Pa. 13, 679 A.2d 760 (1996):

> ... Likewise here, if appellant's state constitutional right to an appeal is to have any meaning and is to be vindicated, it can only be vindicated by granting him an appeal *nunc pro tunc.* Furthermore, it would be entirely unfair in the criminal context to permit appellant's state constitutional right of an appeal to be extinguished solely on the basis of his counsel's failure to timely file the appeal where appellant had requested an appeal to be filed. *Commonwealth v. Ciotto,* 382 Pa.Super. 458, 461, n. 1, 555 A.2d 930, 931 n. 1 (1989)("dismissal of post-verdict motions on the basis of a procedural default in a criminal case, like a similar dismissal of a criminal appeal, improperly places the entire burden of counsel's errors on the powerless" criminal defendant.) Accordingly, we conclude that the court of common pleas abused its discretion in denying appellant leave to file an appeal nunc pro tunc from the district justice, and, therefore, reverse the order of the Superior Court and remand this case for proceedings not inconsistent with this opinion.
>
> *Commonwealth v. Stock, supra* at 21, 679 A.2d at 764–765.

*Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) originated in this circuit. In *Rodriquez,* we had affirmed the district court's decision, which held that a section 2255 petitioner must disclose the "nature of the error and prejudice which he proposes by appeal to correct" in order to get relief. *Rodriquez v. United States,* 387 F.2d 117, 118 (9th Cir.1967), *rev'd,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). In reversing our affirmance, the Supreme Court said:

> As this Court has noted before, '[p]resent federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right.' *Coppedge v. United States,* 369 U.S. 438, 441 [82 S.Ct. 917, 919, 8 L.Ed.2d 21] (1962). The Ninth Circuit seems to require an applicant under 28 U.S.C. § 2255 **to show more than a simple deprivation of this right before relief can be accorded.** It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the Ninth Circuit would characterize any denial of the right to appeal as a species of harmless error. We cannot subscribe to this approach.
>
> ... Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated.

*Rodriquez,* 395 U.S. at 329–30, 89 S.Ct. at 1717.

Following *Rodriquez,* we extended the no prejudice requirement to section 2254 in *Gairson v. Cupp,* 415 F.2d 352 (9th Cir. 1969). We made it clear that not only was it unnecessary for a petitioner to allege prejudice, but that we would not look at the merits of the underlying claim or error if one was made. *Sanders v. Craven,* 488 F.2d 478 (9th Cir.1973); *Riser v. Craven,* 501 F.2d 381 (9th Cir.1974). **The question was simply whether the right to appeal was wrongfully denied.** *Doyle v. United States,* 721 F.2d 1195 (9th Cir.1983).

Then came *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), with its requirement that the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland* did not cite *Rodriquez,* and while its broad rule requiring a showing of prejudice could be read to include cases where the negligence was a failure to file a notice of appeal, the *Strickland* court pointed out that in certain Sixth Amendment contexts, prejudice is presumed. The Court said: "actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id.* at 692, 104 S.Ct. at 2067.

\* \* \* \*

We hold that **prejudice is presumed under *Strickland* if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent.** We remand for a determination of whether the failure to file the notice of appeal was without Lozada's consent. If that is the case, petitioner is entitled to relief by way of a conditional writ. The writ should order Lozada's release from state custody unless Nevada allows Lozada to take a delayed appeal within a reasonable time. *See Gardner v. Pitchess,* 731 F.2d 637, 640 (9th Cir.1984); *Abels v. Kaiser,* 913 F.2d 821, 823 (10th Cir.1990).

*Lozada v. Deeds, supra,* 964 F.2d at 956–959 (footnote omitted) (emphasis supplied). Similarly, I believe that, where a defendant has established the denial of his right to a direct appeal, he has established the prejudice necessary to allow an appeal *nunc pro tunc* regardless of the nature or merit of the issues he desires to raise on appeal.

While I am unable to accept the result reached by the majority and am of the mind that such a result was not intended by the legislature, I am also of the opinion that such a result would be ill advised from a policy

perspective. Section 6503(b)[11] of the Judicial Code provides that the writ of habeas corpus is **not** available whenever "a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa.C.S. § 6503(b). *See, e.g.: Commonwealth v. McNeil,* 445 Pa.Super. 526, 530–534, 665 A.2d 1247, 1249–1250 (1995); *Commonwealth v. Wolfe,* 413 Pa.Super. 583, 587, 605 A.2d 1271, 1273 (1992), *allo. denied,* 531 Pa. 646, 612 A.2d 985 (1992). If it is determined that a claim of a denial of a right to direct appeal is not cognizable via the PCRA, such claims may and will be raised via petitions for writ of habeas corpus.

Article 1, Section 14 of the Pennsylvania Constitution [12] prohibits the suspension, except in cases of rebellion or invasion, of the privilege of the writ of habeas corpus, a guarantee implemented by the provisions of Chapter 65 of the Judicial Code. Section 6504 of the Judicial Code requires that a **hearing** on the return of a writ **must** be held "within three days unless for **good cause** additional time, **not exceeding** 20 days, is allowed." 42 Pa.C.S. § 6504.[13] (emphasis added) *See: Commonwealth v. Smith,* 336 Pa.Super. 636, 642–643, 486 A.2d 445, 449 (1984). While no time limits are imposed upon hearings or proceedings under the PCRA [14], Rule 1507 of the Rules of Criminal Procedure provides that a petition for post-conviction collateral

relief may be dismissed without a hearing where the pleadings establish that no purpose would be served by further proceedings. No provision is made for disposition of a petition for writ of habeas corpus without a hearing. *See, e.g., Commonwealth v. Luckett,* 700 A.2d 1014 (Pa.Super.1997); *Commonwealth v. Banks,* 540 Pa. 143, 153–159, 656 A.2d 467, 472–474 (1995), *cert. denied,* 516 U.S. 835, 116 S.Ct. 113, 133 L.Ed.2d 65 (1995); *Commonwealth v. Morris,* 546 Pa. 296, 684 A.2d 1037 (1996).

The interpretation of the PCRA proposed by the majority in this case would require that Section 9542 be narrowly construed so as to provide that no proceeding under the PCRA may be filed by a defendant whose state constitutional right to a direct appeal has been violated. A petition for a writ of habeas corpus would then become a viable means of redress where the claim involves a deprivation of a state or federal constitutional right which is no longer cognizable under the majority's interpretation of the PCRA. Such a result will likely impose an additional burden upon our trial courts, which are continually confronted with an increase in the number of criminal trials, and a corresponding increase in the number of PCRA petitions filed by inmates incarcerated throughout this Commonwealth. Provision has been

---

**11.** The Judicial Code provides:
> **§ 6503. Right to apply for writ**
> **(a) General rule.**—Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
> **(b) Exception.**—Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.
> 42 Pa.C.S. § 6503.

**12.** Article 1, Section 14 of the Pennsylvania Constitution states:
> **§ 14. Prisoners to be bailable; habeas corpus**
> All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or presumption great; and the privilege of the writ of *habeas corpus* shall not be suspended, unless when in case of rebellion or invasion the public safety may require it.

**13.** Section 6504 of the Judicial Code provides:
> **§ 6504. Return on writ**
> The writ, or the order to show cause why the writ should not issue, shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding 20 days, is allowed. The person to whom the writ or the order is directed shall make a return certifying the true cause of the detention and, except as otherwise prescribed by general rules or by rule or order of court, shall produce at the hearing the body of the person detained.
> 42 Pa.C.S. § 6504.

**14.** *See, e.g.: Story v. Kindt,* 26 F.3d 402 (3d Cir.1994), *cert. denied,* 513 U.S. 1024, 115 S.Ct. 593, 130 L.Ed.2d 506 (1994); *Wojtczak v. Fulcomer,* 800 F.2d 353 (3d Cir.1986); *Burkett v. Cunningham,* 826 F.2d 1208 (3d Cir.1987) (*Burkett I*), *Hankins v. Fulcomer,* 941 F.2d 246 (3d Cir.1991); *United States ex rel. Senk v. Brierley,* 471 F.2d 657 (3d Cir.1973).

made by the legislature and the Supreme Court for the prompt disposition of PCRA petitions which are clearly meritless without the need for an evidentiary hearing, and without the wasteful expenditure of those resources necessary to transport prisoners back and forth across the Commonwealth. The procedures enacted to implement the exercise of the constitutionally guaranteed writ of habeas corpus do not, however, mirror those provisions for expedited disposition and conservation of resources.

Thus, since I believe that the denial of the constitutionally guaranteed right to a direct appeal is cognizable via the PCRA and that evidence of the denial of that right is alone sufficient evidence of prejudice to require the award of an appeal *nunc pro tunc,* I must respectfully dissent.

CAVANAUGH and POPOVICH, JJ., joined.