COMMONWEALTH of Pennsylvania,
Appellee

v.

Raymond E. HAUN, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 10, 2009.

Filed Nov. 20, 2009.

Sean P. McGraw, Public Defender, Bellefonte, for appellant.

Nathan L. Boob, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

BEFORE: BENDER, FREEDBERG and POPOVICH, JJ.

OPINION BY BENDER, J.:

¶ 1 Raymond E. Haun (Appellant) appeals from the order dismissing his petition for relief filed under the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S. §§ 9541–9546. Appellant claims that the PCRA court erred in relying on our decision in *Commonwealth v. Lantzy*, 712 A.2d 288 (Pa.Super.1998) (en banc), *reversed*, 558 Pa. 214, 736 A.2d 564 (1999). For the reasons that follow, we reverse and re-

mand for further proceedings consistent with this opinion.

¶ 2 In 2005, a jury convicted Appellant of multiple counts of indecent assault and related offenses. Appellant's counsel did not file a direct appeal. Appellant subsequently filed the underlying PCRA petition, *pro se,* and the PCRA court appointed counsel to represent him. Counsel filed an amended petition raising several claims of ineffective assistance of counsel among which was a claim that counsel rendered ineffective assistance by failing to file a direct appeal. Following a hearing, the PCRA court dismissed the petition on the sole basis that Appellant's claims were beyond the scope of the PCRA because Appellant admitted his guilt of the crimes for which he was convicted. Trial Court Opinion (T.C.O.), 11/4/08, at 4 (citing 42 Pa.C.S. § 9542). Appellant then filed this appeal presenting the following question for our review:

> Whether the Court of Common Pleas erred in denying post-conviction relief based on the legal doctrine set forth in *Commonwealth v. Lantzy,* 712 A.2d 288 (Pa.Super.1998), *reversed,* 558 Pa. 214, 736 A.2d 564 (Pa.1999).

Brief for Appellant at 5.

■ ¶ 3 "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Washington,* 592 Pa. 698, 927 A.2d 586, 592 (2007). In the instant case, the PCRA court found that, based upon Appellant's admissions, he was not convicted of crimes that he did not commit, *i.e.,* he was not innocent. Our review of the record reveals adequate support for this finding. We turn then to the legal question which is at the crux of this case, namely, whether the PCRA court properly relied on our holding in *Lantzy* and 42

Pa.C.S. § 9542, in its determination that Appellant was not eligible for PCRA relief because he admitted his guilt of the crimes for which he was convicted.

¶ 4 We begin with Section 9542, which states:

### § 9542. Scope of subchapter

*This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief.* The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S. § 9542 (emphasis added). The PCRA court interpreted this provision as limiting the scope of the PCRA so that one who has admitted his or her guilt is not eligible for relief because such a person would be unable to show that he or she was convicted of a crime that he or she did not commit. T.C.O., 11/4/08, at 2.

¶ 5 This Court addressed the meaning of Section 9542 in *Lantzy.* In *Lantzy,* the appellant claimed that trial counsel was ineffective for not pursuing a direct appeal, and therefore, he was entitled to re-instatement of his right to file a direct appeal *nunc pro tunc.* We stated that the PCRA was not intended to provide appel-

lants with a second appeal without limitation. Rather, we concluded that in order for a petitioner to be eligible for relief under the PCRA, he or she must prove his or her innocence.

The Dissent argues that when a defendant is deprived of the right to appeal through counsel's error, the prejudice that the defendant may suffer automatically entitles him to relief under the PCRA. **However, as noted above, the purpose of the PCRA is to afford collateral relief only to those individuals convicted of crimes that they did not commit and persons serving illegal sentences. 42 Pa.C.S. § 9542. Thus, if we were to permit a petitioner to obtain PCRA relief where the petitioner does not demonstrate that he was innocent or that his sentence was illegal, we would be ignoring the limited scope of the PCRA as defined by our legislature.** If a defendant desires to assert that counsel's ineffective assistance deprived him of the right to appeal, causing him prejudice, but *not affecting the underlying verdict or adjudication,* the defendant can seek relief by requesting an appeal *nunc pro tunc.* The fact that he will not be awarded relief under the PCRA does not prevent the petitioner from obtaining relief altogether.

. . .

By neglecting to provide the court with evidence that he was wrongfully convicted, Lantzy has failed to satisfy his burden. Thus, he is not entitled to relief under the PCRA.

*Lantzy,* 712 A.2d at 291–92 (first emphasis added) (citations omitted).

¶ 6 Our Supreme Court granted Lantzy's petition for allowance of appeal and reversed. *See Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999). However-er, the court only briefly addressed our reliance on Section 9542 when it acknowledged that this Court had determined that the 1995 amendment to the PCRA operated to limit its scope to petitioners who were either innocent or serving an illegal sentence.

From the repeal of former Section 9543(a)(2)(v), which occurred in connection with the 1995 amendments to the PCRA, the majority inferred that the General Assembly intended to narrow the availability of post-conviction relief in conformity with the act's express purpose, namely, the provision of relief to persons who are innocent or are serving illegal sentences.

*Lantzy,* 736 A.2d at 567 (acknowledging our citation to 42 Pa.C.S. § 9542). After recognizing our reliance on this provision within Section 9542, the court never returned to address the meaning of this language.

¶ 7 Rather, the court found more important the provision within Section 9542 that stated that the PCRA was intended to " 'be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . , including habeas corpus and coram nobis.' " *Id.* at 568 (quoting 42 Pa.C.S. § 9542). The court found that the bifurcated system recognized by this Court in *Lantzy,* wherein a party could petition for reinstatement of his or her right to a direct appeal outside of the framework of the PCRA, contravened the "sole means" of collateral relief scheme of the PCRA.

¶ 8 As the *Lantzy* case also involved an ineffective assistance of counsel claim, both this Court and our Supreme Court's subsequent reversal discussed the meaning of the "guilt or innocence" standard within Section 9543, which states that a petitioner is eligible for relief for a claim resulting from "[i]neffective assistance of counsel

which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). This Court construed the burden of this section as follows:

> Because the PCRA is designed to prevent a fundamentally unfair conviction, we have interpreted this restriction to require that an ineffectiveness claim brought under the PCRA raises a question of whether an innocent individual has been convicted. Once the petitioner has satisfied this threshold test, he or she must prove that the underlying claim is of arguable merit, [that] counsel had no reasonable basis for the act or omission in question, and [that] but for counsel's act or omission, the outcome of the proceeding would have been different.

*Lantzy,* 712 A.2d at 290 (citations and quotation marks omitted).

¶ 9 When our Supreme Court addressed this same provision, it came to a different conclusion. The Court referred to the case of *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326 (1999), which was decided after this Court's decision in *Lantzy,* wherein the court held that "the language of the PCRA does not create a higher burden on a defendant to show ineffective assistance of counsel than the standard for proving ineffectiveness on direct appeal." *Kimball,* 724 A.2d at 332. Thus, since the traditional three-pronged test for determining ineffective assistance of counsel does not include a requirement that the claimant establish his or her innocence, the PCRA could not impose such a requirement.

¶ 10 Citing the even more recent case of *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999), our Supreme Court in *Lantzy* explained: "The holding of *Kim-*

*ball* is reinforced in *Chester,* which expressly rejected the suggestion that the General Assembly might have employed the same language to narrow the field of issues cognizable in the state post-conviction setting in a manner inconsistent with traditional *habeas corpus* review." *Lantzy,* 736 A.2d at 570–71. Thus, the court's interpretation of the guilt or innocence language of Section 9543 as not requiring a showing of innocence was founded in its rulings that the PCRA was the sole means for obtaining collateral relief, including habeas corpus, and therefore, the scope of the PCRA could not be construed in a way so as to preclude the review of claims traditionally available under habeas corpus, as such a construction would operate to suspend the writ. *Id.* at 569.

¶ 11 The court also reasoned that "since the failure to perfect a requested appeal is the functional equivalent of having no representation at all" and since the Pennsylvania Constitution guarantees the right to a direct appeal, "a failure to file or perfect such an appeal results in a denial so fundamental as to constitute prejudice per se." *Id.* at 571. Accordingly, the court held that when counsel fails to file a requested direct appeal, then prejudice is presumed, and a petitioner is not required to establish his innocence.

> Thus, we hold that, where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the re-

maining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal. *Id.* at 572 (footnote and citations omitted). The court also noted that its holding did not alter the "case law which concerns the circumstances in which a defendant seeks to pursue frivolous claims on appeal, or demands that counsel pursue every possible course of action or press every point." *Id.* at 572 n. 8 (citing *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981)).

 ¶ 12 In the instant case, one of Appellant's claims before the PCRA court was that trial counsel rendered ineffective assistance by not filing a direct appeal, which Appellant requested. Under the foregoing precedent, it was error for the PCRA court to dismiss this claim on the basis of Appellant's admission of his guilt.[1]

¶ 13 Yet, since the holding in *Lantzy* is limited to claims of ineffective assistance of counsel regarding a failure to file a direct appeal, we still must determine whether the language of Section 9542 may bar Appellant from asserting the remainder of his ineffectiveness claims under the PCRA. We conclude that it does not.

¶ 14 In reaching this conclusion, we rely on our Supreme Court's decision in *Kimball,* wherein it held that the PCRA does not create a higher burden on petitioners than for those claiming ineffectiveness on direct appeal. *Kimball,* 724 A.2d at 332. The reasonableness of applying the same standard for ineffective assistance of counsel claims on direct appeal as in

PCRA proceedings is also apparent from an examination of how a defendant typically would raise ineffectiveness claims. A defendant will only raise a claim of his or her trial counsel's ineffectiveness on direct appeal if he or she obtains new counsel on appeal, since it is unrealistic to expect trial counsel on direct appeal to raise his own ineffectiveness. New counsel, through the filing of post-sentencing motions, will be able to create a record before the trial court to provide for meaningful appellate review of his or her client's claims of trial counsel's ineffectiveness. However, the defendant whose trial counsel represents him or her on appeal would not raise the ineffective assistance of counsel claim, nor develop a record in support of that claim. That defendant is left with no avenue to present an ineffectiveness claim except through a PCRA proceeding.

*Id.* (citation, footnote and quotation marks omitted). More than three years after the *Kimball* decision, our Supreme Court decided *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), where it held that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738.

 ¶ 15 Thus, we hold that since a defendant must await collateral review to present an ineffectiveness claim, and since that claim is subject to the same standard for an ineffectiveness claim raised on direct appeal, the provision within Section 9542 regarding innocence cannot, under our current precedent, be interpreted in a manner that would require a showing of innocence before the petitioner could ad-

---

1. We note that the failure to establish one's innocence is not the same as admitting one's guilt. In the instant case, the PCRA court found that Appellant in fact admitted his guilt. However, we decline to carve out an exception to our Supreme Court's holding in *Lantzy* on this basis.

vance an ineffectiveness claim under the PCRA. We recognize that we reach this decision without any express holding from our Supreme Court that is on point. However, our reading of *Kimball, Chester, Lantzy,* and *Grant* compels this result despite the plain meaning of the language of Section 9542. Therefore, the PCRA court erred in dismissing the remainder of Appellant's ineffectiveness claims.

¶ 16 Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.