J-S54039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLINT TROY WEIDMAN | |
| Appellant | No. 360 MDA 2014 |

Appeal from the Order Entered January 3, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No: CP-38-CR-0000647-2010

BEFORE:  LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                      **FILED NOVEMBER 13, 2014**

Appellant, Clint Troy Weidman, appeals from the trial court's January 2, 2014 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

A jury convicted Appellant of corrupt organizations, retail theft, conspiracy, and theft by deception in connection with Appellant's participation in a theft ring that repeatedly stole merchandise from a Wal-Mart in Lebanon County.  On April 27, 2011 the trial court imposed six to fourteen years of incarceration and ordered Appellant to make restitution to Wal-Mart.  The trial court denied Appellant's post-sentence motions on August 16, 2011, and Appellant filed a timely notice of appeal on September 14, 2011.  This Court affirmed the judgment of sentence on April 9, 2012.

The Pennsylvania Supreme Court denied allowance of appeal on September 11, 2012.

On December 18, 2012, Appellant filed a timely *pro se* PCRA petition, his first. Appointed counsel filed an amended petition on April 1, 2013 alleging ineffective assistance of counsel. The PCRA court conducted a hearing on July 31, 2013 at which Appellant, Appellant's trial attorneys, and Appellant's mother testified. Subsequently, on October 9, 2013, appointed PCRA counsel elected to proceed pursuant to **Commonweatlh v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant did not respond to counsel's **Turner**/**Finley** letter. On October 18, 2013, the PCRA court entered an order permitting counsel to withdraw. Appellant took no further action prior to the PCRA court's January 2, 2014 order dismissing Appellant's petition. He filed a timely *pro se* notice of appeal on February 3, 2014.

Appellant raises two issues for our review.

A. Did the PCRA court err in granting PCRA counsel leave to withdraw where:

1. Counsel's **Turner**/**Finley** letter contradicted counsel's own work:

2. And, Appellant was entitled to a counseled appeal to pursue claims of merit?

B. Did the PCRA court err in not finding that Appellant's trial counsel was ineffective?

Appellant's Brief at 4.

On appeal, we will reverse only if the PCRA court's decision lacks support in the record or resulted from a legal error. ***Commonwealth v. Haun***, 984 A.2d 557, 558 (Pa. 2009). Appellant first argues the trial court erred in granting PCRA counsel's petition to withdraw. In ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), our Supreme Court held that a PCRA petitioner must assert any deficiency in counsel's ***Turner/Finley*** letter in response to counsel's no merit letter or in response to the trial court's notice of intent to dismiss. ***Id.*** at 879 n.3. Failure to do so results in waiver of that issue. ***Id.*** Here, Appellant did not challenge the adequacy of counsel's ***Turner/Finley*** letter prior to filing his appeal. Indeed, Appellant took no action in response to counsel's no merit letter and petition to withdraw, and further took no action between the PCRA court's October 18, 2013 order permitting counsel to withdraw and its January 3, 2014 order dismissing Appellant's petition. Pursuant to ***Pitts***, Appellant has failed to preserve that issue for review.

Likewise, Appellant argues in support of his first assertion of error that PCRA counsel's stewardship was ineffective.[1] Once again, Appellant failed to preserve this issue based on his inaction prior to appeal:

---

[1] In ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (2013), we observed that an assertion of a defective ***Turner/Finley*** letter and an assertion of PCRA counsel's ineffectiveness are distinct issues.

[Petitioner's] failure, prior to his PCRA appeal, to argue PCRA counsel's ineffectiveness [. . .] results in waiver of the issue of PCRA counsel's ineffectiveness. [Petitioner's] attempt to obtain review, on collateral appeal, of an issue not raised in the proceedings below amounts to a serial PCRA petition on PCRA appeal. Although [petitioner] asserts his PCRA appeal was the first opportunity he had to challenge PCRA counsel's stewardship because he was no longer represented by PCRA counsel, he could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so.

*Id.* at 880 n.4.

After **Pitts**, our Courts have continued to struggle with the proper means of addressing PCRA counsel's alleged ineffectiveness. Nonetheless, a recent *en banc* panel of this Court explained that the principles expressed in footnotes three and four of **Pitts** remain the binding law of this Commonwealth. **Commonwealth v. Henkel**, 90 A.3d 16, 25-30 (Pa. Super. 2014) (*en banc*).[2] We are cognizant that Appellant raised his issues concerning PCRA counsel in his Pa.R.A.P. 1925(b) statement of errors. As a result, the PCRA court had the opportunity to address them. The same was

_____

[2] The **Henkel** Court granted *en banc* review to address "a perceived conflict among authorities as to whether this Court may entertain claims of PCRA counsel ineffectiveness raised for the first time on appeal." **Id.** at 19. The **Henkel** Court analyzed our Supreme Court's treatment of the issue in **Pitts** and subsequent cases. **See id** at 20 (citing **Commonwealth v. Jette**, 23 A.3d. 1032, 1044 n.14 (Pa. 2011); **Commonwealth v. Hill**, 16 A.3d 484, 497 n.17 (Pa. 2011); **Commonwealth v. Colavita**, 993 A.2d 874, 894 n.12 (Pa. 2010); **Commonwealth v. Ligons**, 971 A.2d 1125 (Pa. 2009)(plurality). We observed that these cases "all clarify that claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." **Id.**

true in *Henkel*, but this Court nevertheless found the petitioner's claims unreviewable. *Id.* at 19, 30. In light of *Pitts* and *Henkel*, we cannot review Appellant's first assertion of error.

Next, we consider Appellant's assertion of ineffective assistance of trial counsel, an issue he raised in his amended PCRA petition and preserved in his Pa.R.A.P. 1925(b) statement. In his *pro se* brief, Appellant argues plea counsel was ineffective for failing to explain to Appellant the terms of a plea agreement proposed by the Commonwealth. Specifically, Appellant asserts the Commonwealth offered to recommend a 14-month minimum sentence and restitution. Appellant claims counsel failed to inform him of the restitution provision and that he waived his preliminary hearing without knowledge of all terms of the proposed plea agreement.

To establish ineffective assistance of counsel, per § 9543(a)(2)(ii) of the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the underlying issue is of arguable merit, that counsel had no reasonable strategic basis for the act or omission, and that counsel's error was prejudicial to the petitioner. ***Commonwealth v. Sepulveda***, 55 A.3d 1108, 1117 (Pa. 2012). Counsel is presumed effective, and the petitioner's failure to establish any one of the three elements is fatal to the claim. *Id.* at 1117-18.

Here, Appellant's assertion of counsel's ineffectiveness lacks arguable merit because the record indicates that he was aware of the

Commonwealth's proposed plea agreement. Appellant's plea counsel testified at the PCRA hearing that the Commonwealth's plea offers were explained to Appellant. N.T. PCRA Hearing, 7/31/13, at 8, 26-27, 29-32. Counsel testified that Appellant rejected the Commonwealth's final plea offer and chose to go to trial instead. *Id.* at 30-31, 53. Additionally, the Commonwealth revoked one of its plea offers after it discovered Appellant was sending threatening communications to potential trial witnesses. *Id.* at 28-29.

The PCRA court found counsel's testimony credible and rejected Appellant's argument for lack of evidentiary support. PCRA Court Opinion, 1/3/14, at E.[3] Since the record supports the PCRA court's decision, we will not disturb it on appeal. *See Commonwealth v. Spotz*, 84 A.3d 294, 319 (Pa. 2014) (noting that reviewing courts should defer to the PCRA court's credibility findings where those findings are supported by the record).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2014

---

[3] The PCRA court did not paginate its opinion, but organized into sections in alphabetical order.