617 A.2d 715

**COMMONWEALTH of Pennsylvania**

v.

**Albert KORB, Appellant.**

Superior Court of Pennsylvania.

Submitted June 1, 1992.

Filed Oct. 14, 1992.

Reargument Denied Dec. 24, 1992.

J. Richard Narvin, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

WIEAND, Judge:

Albert Korb was tried by jury and, on May 27, 1981, was found guilty of first degree murder for the 1974 killing of his estranged wife. A sentence of life imprisonment was imposed, and thereafter Korb's motion for post-trial relief was denied. The Superior Court affirmed the judgment of sentence on August 17, 1984; and, on March 8, 1985, the Supreme Court denied allocatur. A petition for writ of certiorari was denied by the United States Supreme Court on October 15, 1985. On

September 24, 1990, Korb filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., in which he alleged that his trial counsel had been constitutionally ineffective for failing to communicate to him an offer by the Commonwealth which would have allowed him to plead guilty to a charge of third degree murder. On April 26, 1991, Korb's PCRA petition was denied without hearing. This appeal followed.

Appellant asserts that the post conviction hearing court erred when it denied his petition without first holding an evidentiary hearing. The Commonwealth responds with the assertion that appellant has not presented a cognizable issue under the Post Conviction Relief Act. After careful review, we reverse the order denying post-conviction relief and remand for an evidentiary hearing.

It appears that appellant has presented a claim of ineffective assistance of counsel which contains at least arguable merit. In *Commonwealth v. Copeland*, 381 Pa.Super. 382, 554 A.2d 54 (1988), the Superior Court remanded for an evidentiary hearing after finding arguable merit in the defendant's claim that his trial counsel had been ineffective for failing to inform him of an offered plea bargain. *Id.* at 394–397, 554 A.2d at 60–61. Although the substantive issue presented in the instant case is the same as in *Copeland*, the Commonwealth asserts that the difference in the procedural postures of the two cases precludes our granting the same relief as was granted in *Copeland*. Specifically, the Commonwealth argues that appellant has not presented a cognizable claim for relief under the Post Conviction Relief Act.

In pertinent part, the Post Conviction Relief Act provides as follows:

(a) **General rule.**—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

. . . .

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

. . . .

(v) A violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a State prisoner.

42 Pa.C.S. § 9543(a)(2)(i), (ii) and (v). The Commonwealth asserts that the controlling provision is § 9543(a)(2)(ii), which limits the granting of relief in cases of ineffective assistance of counsel. Appellant, on the other hand, asserts that he is entitled to relief under § 9543(a)(2)(v), because he has raised an issue under the United States Constitution for which he would be entitled to relief in a federal habeas corpus action.

■ To be eligible for relief under the Post Conviction Relief Act, "a petitioner *must not only* establish ineffective assistance of counsel, petitioner *must also* establish that the ineffectiveness was of a type 'which in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Thomas*, 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990), quoting 42 Pa.C.S. § 9543(a)(2)(ii). "[T]he purpose of the PCRA is to prevent a fundamentally unfair conviction. Therefore, we interpret the language of § 9543(a)(2)(ii) as meaning that it is not enough for appellant to show that he suffered some prejudice as a result of counsel's action or inaction, but rather [he must demonstrate] that counsel's action or inaction so affected the trial itself ("the truth-determining process") that the result of the trial is inherently unreliable." *Commonwealth v. Wein-*

*der,* 395 Pa.Super. 608, 626–627, 577 A.2d 1364, 1374 (1990) (citation omitted).

A claim for ineffectiveness may be raised in a PCRA petition if the ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We have interpreted this to mean that an ineffectiveness claim brought under the PCRA must raise a question of whether an "innocent individual" has been convicted. *See Commonwealth v. Perlman,* 392 Pa.Super. 1, 5, 572 A.2d 2, 4 (1990) (contention of ineffectiveness for failing to preserve insufficiency of evidence issue was cognizable because it raised issue of possible innocence). We have held that the language in the PCRA referring to ineffectiveness claims constitutes "a substantial restriction of the grounds for post-conviction collateral relief in Pennsylvania." *Commonwealth v. Thomas,* 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990) (comparing PCRA provision to broader language in predecessor Post Conviction Hearing Act).

*Commonwealth v. Grier,* 410 Pa.Super. 284, 288, 599 A.2d 993, 995 (1991). See, e.g.: *Commonwealth v. Wolfe,* 398 Pa.Super. 94, 580 A.2d 857 (1990) (claim that counsel ineffective with regard to discretionary aspects of sentencing not cognizable under PCRA); *Commonwealth v. Lyons,* 390 Pa.Super. 464, 568 A.2d 1266 (1989) (claim that counsel was ineffective for failing to file motion to quash information based upon defective preliminary hearing did not implicate truth determining process); *Commonwealth v. Dukeman,* 388 Pa.Super. 469, 565 A.2d 1204 (1989) (failure of counsel to seek dismissal pursuant to Rule 1100 was not cognizable claim of ineffectiveness under PCRA).

The Commonwealth argues that the fact that appellant's trial counsel may not have communicated to appellant an offer of a plea bargain in no way affected the truth determining process, in that appellant was afforded a trial at which his guilt was fairly determined. As such, the Commonwealth asserts that appellant is not eligible for post conviction relief.

■ After careful study, however, we have concluded that appellant has demonstrated his eligibility for relief under 42 Pa.C.S. § 9543(a)(2)(v) in that he has presented a claim under the PCRA which would "require the granting of Federal habeas corpus relief to a State prisoner." In *Caruso v. Zelinsky*, 515 F.Supp. 676 (D.N.J.1981), it was determined that habeas corpus relief was warranted where the defendant had alleged that his counsel was ineffective for failing to communicate a plea offer pursuant to which the defendant would have been subjected to a maximum sentence of thirty years, rather than the mandatory life sentence which he received following a trial and conviction for murder. The District Court concluded that such an allegation of ineffective assistance required an evidentiary hearing and, therefore, ordered the state court to hold such a hearing or in the alternative to grant the defendant the benefit of the allegedly proffered plea bargain. On appeal, the Third Circuit Court of Appeals agreed with the District Court's substantive analysis, observing that:

This court has held that "the standard of adequacy of legal services ... is the exercise of the customary skill and knowledge which normally prevails at the time and place." *Moore v. United States*, 432 F.2d 730, 736 (3d Cir.1970) (in banc). The decision to reject a plea bargain offer and plead not guilty is a decision for the accused to make. It would seem that, in the ordinary case, a failure of counsel to advise his client of a plea bargain would constitute a gross deviation from accepted professional standards. The district court, in a thoughtful discussion, held that failure to communicate a plea bargain offer would deny Caruso his sixth and fourteenth amendment rights. 515 F.Supp. at 679–80. We agree.

This court has also held that the accused must be prejudiced by counsel's incompetence before relief will be granted. *See United States ex. rel. Johnson v. Johnson*, 531 F.2d 169, 177–78 (3d Cir.), *cert. denied*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976). Caruso alleges the requisite prejudice, a significant additional term of imprisonment that

resulted from counsel's failure to communicate the plea offer which he would have accepted.

The State argues that because Caruso received a fair trial he is not entitled to a habeas remedy even if he could prove ineffective assistance of counsel in the manner alleged. This argument is untenable on the plea bargaining issue. Failure by defense counsel to communicate a plea offer to defendant deprives defendant of the opportunity to present a plea bargain for the consideration of the state judge and, on acceptance by the state judge, to enter a guilty plea in exchange for a lesser sentence. A subsequent fair trial does not remedy this deprivation. Cf. *Rose v. Mitchell,* 443 U.S. 545, 557–64, 99 S.Ct. 2993, 3000–04, 61 L.Ed.2d 739 (1979).

*United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 (3d Cir.1982).[1]

Instantly, we are satisfied that appellant has presented a claim in his PCRA petition which, if proven, would in a federal habeas corpus action entitle him to relief. It follows that appellant has also presented a claim under the PCRA which, if proven, would entitle him to relief pursuant to 42 Pa.C.S. § 9543(a)(2)(v). Under these circumstances, we are constrained to reverse the order denying post conviction relief and remand for an evidentiary hearing.

Reversed and remanded for an evidentiary hearing. Jurisdiction is not retained.

---

1. The Third Circuit, however, vacated the District Court's order after finding that the petitioner had failed to comply with a procedural rule in the state court. The court remanded the case for a determination as to whether the state procedural default would constitute a bar to federal habeas corpus relief.