J-S21028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES GRAHAM | |
| Appellant | No. 2344 EDA 2014 |

Appeal from the PCRA Order July 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010428-2007

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 08, 2015**

James Graham appeals from an order dismissing his first petition under the Post Conviction Relief Act ("PCRA").  We affirm.

Following a dispute in a pick-up basketball game, Graham shot and killed Albert Hughes.  Three eye-witnesses identified Graham to police as the shooter.  A jury convicted him of third-degree murder[1] and possession of an instrument of crime ("PIC").[2]  The court sentenced him to consecutive terms of 15-40 years' imprisonment for third degree murder and 2½-5 years' imprisonment for PIC.  Graham did not file post-sentence motions

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. § 907.

challenging the length of his sentence. He did, however, file a timely direct appeal. On October 8, 2010, this Court affirmed his judgment of sentence, and on March 8, 2011, the Supreme Court denied his petition for allowance of appeal.

On April 4, 2011, Graham filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent him, and counsel filed an amended PCRA petition and two supplemental PCRA petitions. In his final supplemental petition, PCRA counsel alleged that trial counsel was ineffective for: (1) failing to file post-sentence motions challenging the weight of the evidence; (2) failing to file post-sentence motions challenging the length of Graham's sentence; and (3) advising Graham to reject three plea offers based on his assurance that he could win the case. On July 14, 2014, the PCRA court held an evidentiary hearing and dismissed the petition. Graham filed a timely notice of appeal, and both Graham and the PCRA court complied with Pa.R.A.P. 1925.

In this appeal, Graham raises three issues:

> 1. Whether the PCRA Court erred in failing to grant [Graham]'s motion for implementation of a pre-trial offer of 7½ to 15 years' incarceration when [Graham] proceeded to verdict based on the unreasonable recommendation of trial counsel that he could beat the case and for failing to find that trial counsel provided ineffective assistance of counsel for making such a representation where counsel's representations violated [Graham]'s constitutional rights to legal counsel under the 6th and 14th Amendments of the U.S. Constitution, and article I, [section] 9 of the Pennsylvania Constitution?

2. Whether [Graham] was denied his right to counsel in violation of the 6th and 14th Amendments of the U.S. Constitution, and in violation of [article I, section 9 of] the Pennsylvania Constitution where [Graham] was abandoned when trial counsel's inaction resulted in the waiver of [Graham]'s post sentence rights, i.e., his right to an effective appeal which resulted in prejudice to [Graham]?

3. Whether the trial court imposed an illegal sentence where [Graham] was sentenced for third degree homicide where the statute is vague and unconstitutional?

Brief For Appellant, p. 5.

Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Commonwealth v. Hawkins*, 894 A.2d 716, 722 (Pa.2006); *see also Commonwealth v. Jones*, 912 A.2d 268, 293 (Pa.2006) ("the findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference"); *Commonwealth v. White*, 734 A.2d 374, 381 (Pa.1999) (appellate court is bound by credibility determinations of PCRA court where determinations are supported by record).

Our standard of review for claims of ineffective assistance of counsel is well settled. Counsel is presumed to be effective, and the burden of

- 3 -

demonstrating ineffectiveness rests on the appellant. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010). A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for counsel's errors or omissions, there is a reasonable probability that the outcome of the proceedings would have been different. *Id*. The failure to prove any one of the three prongs results in the failure of the petitioner's claim. *Id*.

In his first argument, Graham alleges that trial counsel advised him against accepting an offer of 7½-15 years' imprisonment and assured him that he would win the case. The PCRA court held, and we agree, that this claim lacks arguable merit.

During an evidentiary hearing on Graham's PCRA petition, Beth McCaffery, the assistant district attorney who prosecuted Graham, testified that she conveyed only one offer to Graham: 22½-45 years' imprisonment. N.T., 7/14/14, p. 25. In support of her testimony, the Commonwealth submitted into evidence an email to McCaffery from her supervisor approving this offer. *Id*. at 28. Graham testified that the Commonwealth made three offers: the first for 25-50 years' imprisonment offered before the first trial, the second for 12½-25 years' imprisonment offered at the beginning of the second trial, and the third for 7½-15 years' imprisonment offered while the jury was deliberating. *Id*. at 12-14, 19. Graham claimed that trial counsel advised him to reject these offers because he had the case

won. *Id*. Trial counsel testified that it is not his practice to tell clients that he had a case won. *Id*. at 37-38. Trial counsel did not recall any offer of 7½-15 years' imprisonment. *Id*. at 40.

The PCRA court credited the testimony of McCaffery and trial counsel that there was never any offer of 7½-15 years' imprisonment. Pa.R.A.P. 1925(a) Opinion, pp. 9-10. The court further observed that Graham's credibility

> is undermined by his own *pro se* filings. In both [Graham]'s *pro se* petition and his affidavit dated May 25, 2014, [Graham] asserted that the second offer of [12½-25] years was conveyed pre-trial, not during trial as he testified. In his June 1, 2012 supplemental *pro se* petition, [Graham] avers that trial counsel conveyed the offer of [7½-15] years the day before the second trial began, not while the jury deliberated as he testified. [Graham] has changed his version of events every time he has communicated with this Court.

*Id*. at 10.

As stated above, we will not disturb the PCRA court's findings of fact and credibility determinations that have support in the record. The record supports the PCRA court's determination that the assistant district attorney and trial counsel were credible and that Graham was not. The record further supports the PCRA court's determination that there was no offer of 7½-15 years' imprisonment, and that the only offer was 22½-45 years. For these reasons, we conclude that Graham's claim that trial counsel was ineffective

for advising him to reject an offer of 7½-15 years' imprisonment lacks arguable merit.

In his second argument, Graham alleges that trial counsel was ineffective for failing to file a post-sentence motion challenging the length of his sentence. According to Graham, counsel should have filed a post-sentence motion asserting that his sentence was in excess of the sentencing guidelines. We agree with the PCRA court that this claim does not entitle Graham to relief.

Graham was sentenced to consecutive terms of 15-40 years' imprisonment for third degree murder and 2½-5 years' imprisonment for PIC. Graham has waived any claim that his PIC sentence is excessive by failing to develop any argument relating to PIC in his appellate brief. *Lackner v. Glosser,* 892 A.2d 21, 29–30 (Pa.Super.2006) ("arguments which are not appropriately developed are waived").

Graham contends that his proper minimum sentence for third degree murder under the guidelines is 7½ years' imprisonment. This, too, is waived due to the absence of the sentencing hearing transcript from the certified record. *Commonwealth v. Houck*, 102 A.3d 443, 456 (Pa.Super.2014) (where appellant has not made transcript of the proceedings at issue a part of the certified record, any claims that cannot be resolved in the absence of the necessary transcript are waived for purpose of appellate review). Even if

Graham had preserved this issue, it is devoid of merit. In our memorandum affirming Graham's judgment of sentence on direct appeal, we wrote:

> [Graham's] claim [that his sentence is excessive] is belied by the record. With a prior record score of zero (0), an offense gravity score of fourteen (14), and the applicable deadly weapon 'used' enhancement, the standard range for [Graham's] third degree murder conviction was seven and one-half (7½) to twenty (20) years. Thus, [Graham's] minimum sentence of fifteen (15) years imprisonment actually fell within the standard range of the sentencing guidelines.

*Commonwealth v. Graham*, 2397 EDA 2009, p. 7 (Pa.Super., Oct. 8, 2010).[3]

In his final argument, Graham asserts that the provision defining third degree murder, 18 Pa.C.S. § 2502(c), is void for vagueness. Graham has waived this claim for failure to raise it in his *pro se* or amended PCRA petitions. *Commonwealth v. Elliott*, 80 A.3d 415, (Pa.2013) (petitioner waived claim that trial counsel rendered ineffective assistance by failing to meet with him personally prior to trial or otherwise prepare for trial, because petitioner failed to include this claim in PCRA petition or obtain permission to

---

[3] Graham also claimed in his PCRA petition that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence. The PCRA court explained in its Pa.R.A.P. 1925(a) opinion that the weight of the evidence overwhelmingly supported Graham's convictions. Pa.R.A.P. 1925(a) Opinion, pp. 3-6. In this appeal, Graham failed to develop any argument relating to the weight of the evidence. Accordingly, he has waived this claim. *Lackner*, 892 A.2d at 29-30. Even if he had preserved this argument, we agree with the PCRA court's cogent analysis of this question.

amend his petition to include the issue); *see generally* Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). While PCRA counsel made the vague comment during the PCRA evidentiary hearing that section 2502(c) is "unconstitutional because it doesn't give anyone notice of the type of sentence that you would receive," N.T., 7/14/14, pp. 56-57, he failed to develop this argument any further. His passing remark did not preserve this issue for appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2015

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :  CP-51-CR-0010428-2007
:
:
v. :
:                                          **FILED**
:
JAMES GRAHAM :                      AUG 13 2014
                               OPINION
                                           **Post Trial Unit**

McDermott, J.                                        **August 13, 2014**

### Procedural History

On March 16, 2007, the petitioner, James Graham, was arrested and charged with Murder and Possession of an Instrument of Crime (PIC). On June 23, 2008, the Honorable Carolyn Engel Temin declared a mistrial after the jury could not return a verdict. On May 11, 2009, after a second trial, the jury found petitioner guilty of Third Degree Murder and PIC.

On July 24, 2009, the trial court sentenced petitioner to fifteen to forty years of imprisonment for Third Degree Murder and a consecutive term of two and one-half to five years of imprisonment for PIC, for a total sentence of seventeen and a half to forty five years of imprisonment.

On August 13, 2009, petitioner filed a Notice of Appeal. On October 8, 2010, the Superior Court of Pennsylvania affirmed petitioner's judgment of sentence, rejecting petitioner's challenges to the weight of the evidence and his sentence. On March 8, 2011, the Supreme Court of Pennsylvania denied petitioner's Petition for Allowance of Appeal.

On April 4, 2011, petitioner filed a *pro se* Post Conviction Relief Act (PCRA) petition. On October 26, 2011, PCRA counsel was appointed to represent petitioner. On January 27, 2012,



SANDJAI WEAVER,
ESQUIRE
Received
8/14/14

**EXHIBIT A**

PCRA counsel filed an amended PCRA petition. On June 1, 2012, petitioner filed a second *pro se* PCRA petition alleging ineffective assistance of trial counsel. On April 1, 2014, PCRA counsel filed a supplemental PCRA petition incorporating petitioner's allegation that trial counsel advised him against taking three plea offers. On June 18, 2014, PCRA counsel filed another supplemental PCRA petition that included an affidavit by the petitioner. On July 14, 2014, this Court held an evidentiary hearing, after which this Court dismissed the petition. On August 12, 2014, petitioner filed a Notice of Appeal.

## Facts

The Honorable Carolyn Engel Temin summarized the facts of this case in her November 30, 2009 Opinion:

> On March 12, 2007, at approximately two o'clock p.m., a group of basketball players arrived at Dickinson Square Park, a neighborhood park with a basketball court, a recreation center, and a playground, surrounded by 3rd Street, 4th Street, Morris Street, and Tasker Street. George Ocasio ("Ocasio") and Justin Davis ("Davis") arrived in Ocasio's white Mercury Sable and parked on Morris Street. Mark Wilson ("Wilson"), David Stokes ("Stokes"), Terrell Drummond ("Drummond"), and Hughes arrived together in Wilson's silver Oldsmobile Intrigue. They parked directly behind Ocasio's car on Morris Street. William Duncan ("Duncan") parked his blue Grand Marquis directly behind Wilson's car.
>
> Duncan, Ocasio, and Davis were from 5th Street and played for one team. Stokes, Drummond, and Wilson were from 7th Street and played for the other team. Most of the players had known each other for years. Each team bet $300 on the game. Markel White ("White"), Graham, and Graham's brother, Kareem Graham ("Kareem"), all from 5th Street, sat next to the basketball court and watched the game, along with Hughes from 7th Street. There were many other people in the park at that time as well-some watching the game, others playing on the playground. (Footnote omitted).
>
> The game went on for approximately twenty minutes until a foul call started an argument between the two teams. Stokes and Graham were verbally arguing when Stokes asked Hughes to pass him his gun. When Hughes passed Stokes a gun, people began to leave the basketball court. Stokes, Hughes, and Drummond walked back to Wilson's Oldsmobile. Stokes entered the passenger seat,

2

while the other two men sat in the backseat, Hughes behind the driver seat, and Drummond behind the passenger seat.

From approximately 50-55 yards away from the car, on a pathway in Dickinson Square Park, Graham pulled out a gun, aimed it with two hands at the Oldsmobile and fired twice at the car. Two fired cartridge casings were found on the pathway where witnesses placed Graham.

One of the shots went through the glass window of the Oldsmobile and hit Hughes in his head. He was taken to the hospital and on March 13, 2007, he was pronounced dead as a result of this gunshot wound. The Medical Examiner did find stipling on Hughes' face which he testified could be a result of a close range shot or due to the shattered car window glass.

On March 13, 2007, March 15, 2007, and March 19, 2007, respectively, Duncan, White, and Davis gave statements to detectives identifying Graham as the shooter. On March 16, 2007, an arrest warrant was issued for Graham and the Fugitive Squad went to his house that morning at 6 a.m. When the police saw a man fitting Graham's description, he showed them identification with the name "Malik Lamore Graham" and claimed that he was Graham's brother. However, when police investigated further, this man was in fact Graham himself. He was arrested at this time. On May 17, 2007, Kareem, Graham's brother, told a social worker at his juvenile detention facility that he had witnessed his brother murder someone. The social worker called Homicide Headquarters and Kareem gave a statement identifying Graham as the shooter on March 12.

*Commonweath v. Graham*, Opinion Sur PA. R.A.P. 1925(a) (filed November 30, 2009).

Issues

In her amended petitioner PCRA counsel alleges trial counsel was ineffective for: (1) failing to challenge that the weight of the evidence; (2) failing to challenge the length of petitioner's sentence; and (3) advising petitioner to reject three plea offers based on counsel's assurance that he could win the case.

To warrant relief based on a claim of ineffective assistance of counsel, a petitioner must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006); 42 Pa.C.S. § 9543(a)(2)(ii).

3

Counsel is presumed to have rendered effective assistance. *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013)(*citing Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012)).

To overcome the presumption, the petitioner has to satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court of Pennsylvania has applied the *Strickland* test by looking to three elements, whether: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner has shown that he suffered prejudice as a result of counsel's lapse, *i.e.*, that there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Bennett*, 57 A.3d 1185, 1195-96 (Pa. 2012)(*citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). If a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Bennett*, 57 A.3d at 1195-96. Counsel will not be deemed ineffective for failing to raise a meritless claim. *Jones*, 912 A.2d at 278 (*citing Commonwealth v. Darrick Hall*, 701 A.2d 190, 203 (Pa. 1997)).

An allegation that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial court. *Commonwealth v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000); *Commonwealth v. Dupre*, 866 A.2d 1089, 1101 (Pa. Super. 2005). The fact finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013)(*citing Widmer*, 744 A.2d at 752).

Our Superior Court has explained that the test is whether the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v.*

4

*Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003). For one to prevail on a challenge of the weight of the evidence, the jury's verdict must be so contrary to the evidence as to shock one's sense of justice. *Id.* (*citing Commonwealth v. Goodwine*, 692 A.2d 233, 236 (Pa. Super. 1997)).

In *Commonwealth v. Luster*, 71 A.3d 1029, 1049 (Pa. Super. 2013) *appeal denied*, 83 A.3d 414 (Pa. 2013), the Superior Court affirmed the PCRA court's dismissal of appellant's allegation that trial counsel was ineffective for failing to raise a challenge to the weight of the evidence where the petitioner was convicted of Murder after beating a woman and leaving her on a highway, where she was subsequently run over. The PCRA court determined that even if the claim had been raised, it would have found that "the jury's verdict was not so contrary to the evidence as to shock one's sense of justice" and that it "would *not* have granted a new trial on a weight of the evidence argument." *Id.* (*citing* PCRA Court Opinion, 2/28/11, at 4–5 (emphasis supplied)).

In the instant case, trial counsel did not file a motion challenging the weight of the evidence. Even if counsel had raised such a challenge, the issue is meritless and the trial court would have denied such a motion. First, petitioner argues the verdict was against the weight of the evidence because the witnesses did not name him as the shooter at trial. Petitioner is correct that none of the eyewitnesses identified him as the shooter at trial, claiming that they did not see the shooting or did not remember the incident. However, three eyewitnesses, including the petitioner's brother, identified the petitioner as the shooter to Homicide detectives in their formal statements. N.T. 5.5.2009 at 216, 218-220; N.T. 5.6.2009 at 192, 195; N.T. 5.7.2009 at 97-103, 200, 207-211, 269-271, 307-310. Duncan and White identified petitioner as the shooter within three days after the shooting and petitioner's brother identified the petitioner about two months after the shooting. Rashida Ingram, a social worker, testified at trial that in May of 2007

5

petitioner's brother told her he had seen his brother murder a man named A.J. at a playground. N.T. 5.6.2009 at 83. Although the witnesses changed their testimony at trial, their statements were competent evidence for the jury to consider. *See Commonwealth v. Brady*, 507 A.2d 66 (Pa. 1986)(permitting the admission, as substantive evidence, of prior inconsistent statements by a non-party witness); *Commonwealth v. Lively*, 630 A.2d 7, 8 (Pa. 1992). The fact-finder is free to believe all, part, or none of the evidence, and credibility determinations rest solely within the purview of the fact-finder. *Commonwealth v. Treiber*, 874 A.2d 26, 30 (Pa. 2005). It is well within the jury's fact finding purview to credit the eyewitnesses' original signed statements identifying petitioner as the shooter, which were given, in the case of Duncan and White, within days of the murder. The weight of the identification evidence overwhelmingly supported conviction of the petitioner.

The petitioner also alleges that the location of the recovered fired cartridge casings, fifty feet away from the decedent, is inconsistent with the assistant medical examiner's testimony that there was gunpowder stippling present on victim. Petitioner asserts that this fact requires the conclusion that the decedent was shot from close range. Petitioner is mistaken. The firearms expert testified that the projectile had been fired through a car window before entering the head of the decedent. N.T. 5.7.2009 at 174. The assistant medical examiner offered two possible explanations for the stippling present on the victim's face: the stipple could have come from either the shattered car window glass or from a close range shot. N.T. 5.7.2009 at 245-251. The witness statements buttress the former explanation as they all saw a non-close range shooting. The totality of the evidence proved that petitioner shot the victim with a bullet that passed through a car window spraying the victim's face with stippling.

6

Petitioner's allegations in no way undermine the strength of the evidence against him. The jury's verdict was not against the weight of the evidence and, if counsel had raised a weight of the evidence claim, it would have been rejected as meritless. As stated in *Jones*, counsel is not ineffective for failing to raise a meritless claim. Thus, the petitioner's request for relief on the issue of weight of the evidence must be denied.

Petitioner claims that counsel was ineffective for failing to challenge the petitioner's sentence. The petitioner alleges that his sentence falls in excess of the sentencing guidelines. While the Superior Court found that this claim was waived, it addressed the merits of the issue:

> Moreover, Appellant's claim is belied by the record. With a prior record score of zero (0), an offense gravity score of fourteen (14), and the applicable deadly weapon "used" enhancement, the standard range for Appellant's third degree murder conviction was seven and one-half ($7^{1/2}$) to twenty (20) years. Thus, Appellant's minimum sentence of fifteen (15) years imprisonment actually fell within the standard range of the sentencing guidelines.

*Commonwealth v. Graham*, 2397 EDA 2009 (filed October 8, 2010).

Petitioner has failed to prove, under 42 Pa.C.S. § 9543(a)(3), that the issue has not been previously litigated or waived. Even if this issue had not been previously litigated, it is meritless. As noted by the Superior Court, petitioner's sentence for Third Degree Murder was well within standard range of the sentencing guidelines. Petitioner was also sentenced to a consecutive two and a half to five years of imprisonment for his PIC conviction. This Court recognizes that the petitioner's sentence for the PIC charge was outside the sentencing guidelines; however, the sentence was within the statutory limit and the trial court stated its reasons for the departure. *Commonwealth v. Warren*, 84 A.3d 1092, 1097 (Pa. Super. 2014)(when sentencing a defendant beyond the ranges recommended by the sentencing guidelines, the trial court must state its reasons for departing from the guidelines on the record).

7

At sentencing, the trial court had the benefit of a presentence report, mental health report, and the testimony of multiple Commonwealth and defense witnesses. The trial court demonstrated an understanding of the sentencing guidelines. N.T. 7.29.2009 at 8. Taking all of this information into consideration, the court found it was necessary to keep the petitioner under supervision for a significant period of time because of his extensive history of aggressive behavior. *Id.* at 58-59. Petitioner's total sentence of seventeen and a half to forty five years of imprisonment was reasonable and well under the Commonwealth's recommendation of twenty two and a half to forty five years. *Id.* at 56. Trial counsel was not ineffective for failing to challenge petitioner's sentence where the trial court crafted an individualized and reasonable sentence. This claim is meritless.

Petitioner alleges that trial counsel advised him against accepting a series of three plea offers. The petitioner contends that trial counsel advised petitioner that he would win the case. An attorney has a duty to communicate a plea offer to his client and to explain the advantages and disadvantages of the offer. *Commonwealth v. Marinez,* 777 A.2d 1121, 1124 (Pa. Super. 2001). "As a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye,* 132 S. Ct. 1399, 1408, 182 L. Ed. 2d 379 (2012)(counsel rendered ineffective assistance for failing to convey a plea offer to appellant before it expired). Failure to do so may be considered ineffectiveness of counsel if the petitioner is sentenced to a longer prison term than the term he would have accepted under the plea bargain. *Id. (citing Commonwealth v. Korb,* 617 A.2d 715, 716 (Pa. Super. 1992)); *see Commonwealth v. Copeland,* 554 A.2d 54, 60–61 (Pa. Super. 1988). In the context of plea agreements, petitioner can show prejudice under the *Strickland* test if he establishes that the outcome of the plea decision would have been different

8

with competent advice from counsel. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012)(*citing Missouri v. Frye*, 132 S. Ct. 1399, 1388-1389).

In *Lafler v. Cooper*, both parties conceded that counsel's representation fell below the objective standard of reasonableness when respondent's counsel advised the respondent to reject a plea offer on the grounds that the respondent could not be convicted at trial. The Supreme Court found that the respondent demonstrated prejudice as he was convicted at trial and received a sentence three and a half times greater than the sentence offered in the plea deal. *Id.* at 1391. The Court explained that a "petitioner who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence." *Id.* at 1386.

Here, petitioner cannot show that trial counsel's representation fell below an objective standard of reasonableness; nor can he demonstrate prejudice. As a matter of fact, this Court finds that the only offer ever conveyed to petitioner was an offer of twenty two and a half to forty five years. This offer was conveyed by trial counsel to the petitioner prior to the first trial. No other offers were made to the petitioner at any point during either trial. This Court accepts the testimony of the Assistant District Attorney that she conveyed only one offer to the petitioner: twenty two and a half to forty five years of incarceration. N.T. 7.14.2014 at 25. Her testimony was supported by an email from her supervisor approving this offer. *Id.* at 28.

Petitioner's assertions to the contrary are not credible. At the evidentiary hearing petitioner testified that trial counsel advised him against accepting three plea offers: the first for twenty five to fifty years offered before the first trial, the second for twelve and a half to twenty-five years offered at the beginning of the second trial, and the third for seven and a half to fifteen years, offered while the jury was deliberating. N.T. 7.14.2014 at 12-14, 19. Specifically,

petitioner claims trial counsel advised him that he had the case won. Trial counsel credibly testified that it is not his practice to tell clients that he had a case won. N.T. 7.14.2014 at 37-38. Petitioner's credibility is undermined by his own *pro se* filings. In both petitioner's *pro se* petition and his affidavit dated May 25, 2014, petitioner asserted that the second offer of twelve and a half to twenty five years was conveyed pre-trial, not during trial as he testified. In his June 1, 2012 supplemental *pro se* petition, petitioner avers that trial counsel conveyed the offer of seven and a half to fifteen years the day before the second trial began, not while the jury deliberated as he testified. Petitioner has changed his version of events every time he has communicated with this Court.

This Court finds that trial counsel properly conveyed the sole plea offer of twenty two and a half to forty five years to the petitioner and did not advise petitioner against accepting the offer on the grounds that he would not be convicted at trial. Petitioner, of his own voluntary free will, declined said offer. Petitioner has not demonstrated that trial counsel's representation fell below an objective standard of reasonableness by way of giving unsound advice to persuade the petitioner to reject his sole plea offer.

Petitioner has also failed to establish prejudice. Petitioner was offered a sentence of twenty two and a half to forty years in exchange for pleading guilty to Third Degree Murder and PIC. By rejecting this offer and going to trial, petitioner was convicted to Third Degree Murder and PIC. Petitioner was subsequently sentenced to seventeen and a half to forty years of imprisonment. Clearly, petitioner's rejection of the plea offer resulted in a more lenient sentence on the same charges. The petitioner's third issue is without merit.

10

The petition does not meet the requirements of an ineffective assistance of counsel claim and does not merit substantive relief under the Post-Conviction Relief Act. For the foregoing reasons, the decision of this Court should be affirmed.

BY THE COURT,

Barbara A. McDermott, J.

11

Commonwealth v. James Graham
CP-51-CR-0010428-2007

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Attn: Robin Godfrey, Esquire

**Type of Service:**     **Hand Delivery**

Sandjai Weaver, Esquire
1315 Walnut Street, Suite 1624
Philadelphia, PA 19107

**Type of Service:**     **First-Class Mail**

James Graham
JE2934
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020

**Type of Service:**     **First-Class Mail**

Dated: August 13, 2014

Arly Smith-Pearson
Law Clerk to the
Honorable Barbara A. McDermott