**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL SENESTANT | : | |
| | : | |
| Appellant | : | No. 3387 EDA 2019 |

Appeal from the PCRA Order Entered October 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015924-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL SENESTANT | : | |
| | : | |
| Appellant | : | No. 3388 EDA 2019 |

Appeal from the PCRA Order Entered October 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015925-2013

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED DECEMBER 21, 2020**

Appellant Joel Senestant appeals from the order of the Court of Common Pleas of Philadelphia County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1]   Appellant claims his trial counsel was ineffective in failing to convey a plea offer from the prosecution.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

The PCRA court summarized the relevant procedural history as follows:

> The underlying cases stem from the November 23, 2013 arrest of Appellant for shooting Vernon Oliver in front of the victim's residence located within the 800 block of North 66th Street in Philadelphia on October 24, 2013 and for repeatedly thereafter threatening the same shooting victim. Following initial arraignment, preliminary hearing, filing of Bills of Information, several conferences and assorted hearings, both cases were transferred for [a] consolidated jury trial the morning of January 20, 2015 before this Court as available presiding jurist. The Commonwealth of Pennsylvania was represented by the District Attorney of Philadelphia, by and through his Assistant Morgan Vedejs. Pierre LaToure, Esquire represented Appellant during pre-trial, jury trial, sentencing and initial appellate phases.

> On January 20, 2015, immediately upon transfer [to] this courtroom, before the first of what would be two (2) *voir dire* and jury selection processes had begun, this Court had conducted a full colloquy of Appellant to ensure that Appellant's previously announced decision to proceed by way of jury trial had been informed and voluntary. Within this transcribed colloquy, Appellant actively acknowledged his full understanding of all options, rights, responsibilities and potential consequences of his never wavering decision to proceed to a jury trial.

> During this first colloquy conducted on January 20, 2015, the assigned prosecutor declared on the record, her extension of an offer that she had just conveyed to Appellant's counsel to alternatively resolve the instant cases by way of entry of negotiated guilty pleas. That offer as stated in front of Appellant who was seated next to this counsel and a few feet from the prosecutor, was for an aggregate sentence of a minimum period of seven and one-half years to fifteen years in exchange for commensurate pleas of guilt to indicted offenses which at that time included first degree felony Attempted Murder. Since Appellant's attorney had not yet had the opportunity to convey this offer, this Court invited Appellant and his counsel to engage in further private discussions and to inform this Court of any change of mindset after the *voir dire* process was conducted since the prospective panel members had been transported upstairs and [were] collecting in the hallway. Jury selection proceeded thereafter.

On January 21, 2015, [the] jury selection process was continued and interrupted by the defense's complaint regarding the selection process. This Court granted the defense motion and struck the first selected panel. On January 22, 2015, just before the renewed jury selection process was to begin, counsel for Appellant acknowledged his continued discussions with his client and stated that his client had requested recusal of this Court as presiding jurist. This request was denied. This Court then additionally inquired whether there had been any change of status of the previous offer or its terms. No change of position had been announced when all parties and their counsel were present. A new jury panel was selected on January 22, 2015. On January 23, 2015, Appellant was arraigned in front of the jury and again identified his right and desire to proceed to trial before that empaneled jury. Trial testimony began following preliminary instructions and opening arguments. The case proceeded without further delay or interruption until January 28, 2015, when the guilty verdicts were entered by the jury.

PCRA Court Opinion (P.C.O.), 5/13/20, at 1-3.

The jury convicted Appellant of aggravated assault, intimidation of a witness, retaliation against a witness, carrying a firearm without a license, and possession of an instrument of crime, but acquitted Appellant of attempted murder. In a bifurcated portion of the trial, the trial court convicted Appellant of persons not to possess a firearm.

On March 27, 2015, the trial court sentenced Appellant to an aggregate term of 25½ to 54 years' imprisonment. On September 1, 2017, this Court affirmed the judgments of sentence. Appellant did not seek discretionary review in the Supreme Court.

On March 30, 2018, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who filed a "no-merit" letter and motion to withdraw as counsel pursuant to *Commonwealth v. Finley*, 550

A.2d 213 (Pa.Super. 1988). On March 14, 2019, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response to the Rule 907 notice.

On September 5, 2019, counsel moved to withdraw his petition to withdraw as counsel and filed an amended petition, alleging that trial counsel failed to convey a plea offer of 7½ to 15 years' incarceration, which Appellant now claims he would have accepted. On October 24, 2019, the PCRA court held a hearing at which both Appellant and trial counsel testified. After the hearing, the PCRA court denied Appellant's petition. Appellant filed timely notices of appeal.

Appellant raises one claim on appeal: "[w]as the PCRA court's finding that the offer had been properly conveyed and rejected supported by the record?" Appellant's Brief, at 3. Our standard of review is well-established:

> [o]ur review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. **Commonwealth v. Cox**, 636 Pa. 603, 146 A.3d 221, 226 n.9 (2016). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Burton**, 638 Pa. 687, 158 A.3d 618, 627 n.13 (2017).

**Commonwealth v. Small**, 647 Pa. 423, 440–41, 189 A.3d 961, 971 (2018).

We review claims of ineffectiveness in light of the following principles:

> [a]s originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have

provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

*Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 419 (2009).

*Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa.Super. 2020).

Appellant specifically claims that his trial counsel was ineffective in failing to communicate and discuss a plea bargain from the Commonwealth. Our courts have held that:

[g]enerally, counsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer. *Commonwealth v. Boyd,* 547 Pa. 111, 688 A.2d 1172, 1174 (1997). Failure to do so may be considered ineffectiveness of counsel if the defendant is sentenced to a longer prison term than the term he would have accepted under the plea bargain. *See, Commonwealth v. Korb,* 421 Pa.Super. 44, 617 A.2d 715, 716 (1992). Where the PCRA court's determination of credibility is supported by the record, we will not disturb it on appeal. *Commonwealth v. Harmon,* 738 A.2d 1023, 1025 (Pa.Super. 1999), *appeal denied,* 562 Pa. 666, 753 A.2d 815 (2000).

*Commonwealth v. Marinez*, 777 A.2d 1121, 1124 (Pa.Super. 2001).

While Appellant contends that his trial counsel did not communicate and discuss the prosecution's plea offer of 7½ -15 years' imprisonment, this claim is refuted by the record and Appellant's own contradictory testimony at the PCRA hearing.

The record shows Appellant was specifically informed of the plea offer in an oral colloquy in which the trial court sought to determine whether Appellant's decision to proceed to a jury trial was voluntary, knowing, and intelligent. As trial counsel had discussed the offer with the prosecutor for the first time that morning, trial counsel admitted that he had not yet had the opportunity to directly convey the offer to Appellant.

The following exchange occurred in which the trial court delineated the plea agreement on the record and gave Appellant time to consider his options carefully in deciding to either accept this plea offer or to proceed to a bench or jury trial:

> [Trial Court:] Okay. Now, it's my understanding, sir, that you wish to have a jury trial?
>
> [Appellant:] Yes.
>
> [Trial Court:] Were any offers made to you by the Commonwealth in reference to this case?
>
> [Appellant:] No.
>
> [Trial Court:] No. All right.
>
> [Prosecutor:] I mean, that is correct, but his counsel and I did speak.
>
> [Trial Court:] Is there an offer on the table?
>
> [Prosecutor:] Seven and a half.
>
> [Trial Court:] Seven and a half to 15?
>
> [Prosecutor:] Yes.
>
> [Trial Court:] Was any offer in the nature of seven and a half to 15 years offered to you?
>
> [Appellant:] No.

[Trial Counsel:] We've only had a brief discussion this morning. I never had – there's been no offer that I had conveyed directly to my client.

[Trial Court:] Okay. Well, I'll certainly give you time to mull things over and make decisions. But I just want you to understand, sir, that there are a couple of options at this point in time. Because it's my understanding that you wish to have a jury trial, we have prospective jurors waiting, actually waiting … [The Court then explained the processes and notable differences between bench and jury trials.] Do you understand the difference, sir?

[Appellant:] Yes.

[Trial Court:] All right. The other option is, in terms of a negotiated disposition of a guilty plea, that is something of responsibility, negotiated or open. Certainly, sir, this is your life. It's your decision to make. And I'm not going to tell you what you should do. I just want you to be sure that you're firmly aware of the possibility and consequences that may occur. At this point in time, sir, are you satisfied that your counsel has represented you well?

[Appellant:] Yes.

[Trial Court:] Are you satisfied with his preparation of your case for trial?

[Appellant:] Yes.

[Trial Court:] Okay. And have you conferred with him regarding the possibilities as to which direction you wish to go?

[Appellant:] Yes.

[Trial Court:] [The Court then explained the offenses and the possible sentences for each offense if convicted, the referenced guidelines and possible outcomes] … So I want you to think long and hard …

T.C.O. at 16-17 (quoting Notes of Testimony (N.T.), 1/20/15, at 5-10).

After jury selection proceeded over the following two days, Appellant demonstrated that he had further conferences with his trial counsel. On January 22, 2015, trial counsel admitted that after engaging in further

discussion with his client, Appellant requested that the trial court recuse herself from the case. N.T., 1/22/15, at 3. After the trial court denied the recusal request, the trial court inquired about Appellant's consideration of the plea offer:

> [Trial Court:] Was there any discussion by and between counsel and [Appellant] – I think we touched upon some discussion, in terms of offers. Has there been any change of offers?
>
> [Prosecutor:] I don't believe so.
>
> [Trial Court:] No. Okay.

*Id*. at 5.

When specifically asked whether Appellant had discussed the plea offer with counsel, neither defense counsel nor Appellant responded to this inquiry and did not express any indication that Appellant wished to accept the plea agreement instead of proceeding to a jury trial. It was only after Appellant was convicted of the aforementioned offenses, was sentenced to a lengthy term of imprisonment, and litigated a direct appeal that Appellant claimed for the first time in his amended PCRA petition that trial counsel had never communicated the plea offer to him.

Yet at the PCRA evidentiary hearing, Appellant offered testimony that contradicted the claims made in his petition. When Appellant was confronted with the aforementioned portion of the transcribed record in which the trial court set forth the prosecution's plea offer on the record and expressly gave Appellant time to confer with trial counsel, Appellant altered his testimony to claim that he actually had discussed the plea offer with trial counsel, but

counsel told him not to take the plea offer. Appellant testified that trial counsel had stated that "[w]e're going to win. We don't need this deal." N.T. 10/24/19, at 25.

Moreover, Appellant's trial counsel, Pierre Latour, III, Esq. testified at the PCRA hearing and initially stated that he did not have a specific recollection of the particular offer of 7½ to 15 years' incarceration with Appellant but he emphasized that he would always convey offers to his clients. Atty. Latour did remember discussing a possible plea with Appellant but recalled that Appellant "was not interested in a plea, specifically, one that was a lengthy State sentence." *Id*. at 30.

Based on this testimony, the PCRA court found Atty. Latour to be a credible witness and found that Appellant was not credible. We will not disturb the PCRA court's credibility determinations, which are supported by the record. *Small*, *supra*, *Marinez*, *supra*. As we agree with the PCRA court's assessment that Appellant's ineffectiveness claim has no arguable merit, we concluded that the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/20