J. S26018/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
v.            :
:
RAYMOND E. HAUN,        :
              APPELLANT   :
:
:     No. 1607 MDA 2016

Appeal from the PCRA Order August 15, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001493-2004

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.:          **FILED MAY 10, 2017**

Appellant, Raymond Haun, appeals *pro se* from the Order entered in the Centre County Court of Common Pleas dismissing his third Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

On January 28, 2005, a jury convicted Appellant of one count of Involuntary Deviate Sexual Intercourse ("IDSI"), 18 Pa.C.S. § 3123; one count of Attempted Aggravated Indecent Assault, 18 Pa.C.S. § 3125; one count of Endangering the Welfare of Children, 18 Pa.C.S. § 4304; one count of Corruption of Minors, 18 Pa.C.S. § 6301; and more than 520 counts of Indecent Assault, 18 Pa.C.S. § 3126.

---

[*] Former Justice specially assigned to the Superior Court.

On June 30, 2005, the trial court determined that Appellant was a sexually violent predator (SVP) and sentenced him to an aggregate term of 27 - 97 years' incarceration. Appellant did not file Post-Sentence Motions, nor did he file a direct appeal from the Judgment of Sentence. Accordingly, Appellant's Judgment of Sentence became final on August 1, 2005.

Appellant filed his first Petition under the PCRA on June 7, 2006, raising claims of ineffective assistance of counsel. The PCRA court denied Appellant's Petition on November 4, 2008, solely on the basis that Appellant was ineligible to pursue ineffective assistance of counsel claims under the PCRA because he had admitted guilt. On appeal from that decision, this court reversed and remanded. **Commonwealth v. Haun**, 984 A.2d 557 (Pa. Super. 2009). Our Supreme Court granted allowance of appeal and affirmed the decision of the Superior Court, concluding, in a unanimous opinion, that, "a concession of guilt does not, *per se*, foreclose prisoner access to the PCRA." **Commonwealth v. Haun**, 32 A.3d 697, 705 (Pa. 2011).

On remand, the PCRA court denied Appellant's claims on the merits. Appellant appealed from the dismissal of his Petition on May 21, 2012. This court affirmed the Order dismissing Appellant's first Petition on its merits on January 4, 2013. **Commonwealth v. Haun**, No. 934 MDA 2012 (Pa. Super. filed January 4, 2013) (unpublished memorandum). On September 14, 2013, the Pennsylvania Supreme Court denied Appellant's Petition for

Allowance of Appeal. ***Commonwealth v. Haun***, No. 60 MAL 2013 (filed September 14, 2013).

On November 21, 2014, Appellant filed his second PCRA Petition. Subsequently, on April 28, 2016 Appellant filed a "*Praecipe* to Discontinue Motion for Post-Conviction Collateral Relief."

On June 27, 2016, Appellant filed the instant *pro se* PCRA petition, his third. In it, he raised claims of ineffective assistance of counsel, and challenged the legality of his sentence. On July 20, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition as untimely filed. On August 5, 2016, Appellant filed a Response. On August 15, 2016, the PCRA court entered an Order dismissing Appellant's Petition, concluding that the Petition was untimely and that Appellant had failed to plead and prove a timeliness exception. This appeal followed.

Appellant raises eleven issues for our review, which we reproduce here verbatim:

> 1. Whether two appointed counsels of record was effective assistance of counsel; by <u>failing</u> to file "JOINDER OF DEFENSE" Motion to consolidate all charges, listed in the "Indictment" and/or information; Docket No: CR-374-2004; filed August 16, 2004. Citing <u>Commonwealth v. Campana</u>, 304 A.2d 432 (PA 1973)? Pa.R.Crim.P 505(b); Article I, § 9 & 26 of Pennsylvania Constitution, 6th Amendment U.S. Constitution. Id. 42 Pa.R.Crim.P Rule 571(A-D); Rule 563 and 582.
>
> 2. Whether "Compulsory Joinder of Offense" Motion was necessary and mandated before Jury Trial, on statutory

offenses of five hundred eighteen (518) counts of, "Indecent Assault" offenses, pursuant to 42 Pa.C.S.A. § 109-110; refer to, 18 Pa.C.S.A. § 3126(a)(6) & § 3126(a)(7), so that the Jury and Petitioner would not be confused? Refer to, 42 Pa.R.Crim.P. Rule 363 and 582.

3. Whether "Due Process Rights" of "Notice" of "Separate Information" or "Indictments" was filed on each separate statutory offense count of "Indecent Assault Charges", 18 Pa.C.S.A. § 3126(a)(6) & 3126(a)(7), before Jury Trial, on August 16, 2004; Carbon Copy Counts, denied Petitioner "Due Process of Law" and "Right to Fair Notice"? Refer to, 42 Pa.R.Crim.P. Rule 562; 14th Amendment, U.S. Constitution.

4. Did "Affidavit of Probable Cause" CR-374-2004; filed August 16, 2004 contained in one (1) "Indictment", pursuant to, 42 Pa.R.Crim.P. Rule 505(B), of multiple, identically worded, statutory offenses, five hundred eighteen (518) counts total, of two (2) separate charged offenses; pursuant to 18 Pa.C.S.A. § 3126(a)(6) & § 3126(a)(7), deprive Petitioner (said Appellant) of "Due Process Rights" to protect Petitioner against conviction of multiple counts for the same conduct in violation of "Double Jeopardy", U.S. Constitution 5th & 14th Amendment, Article I, § 10 & 26 of the Pennsylvania Constitution.

5. Did Commonwealth of Pennsylvania (Centre County) distinguish a "Factural Basis" of each statutory offense of 18 Pa.C.S.A. § 3126(a)(6) – one hundred ninety one (191) counts – Misdemeanor Offenses) and 18 Pa.C.S.A. § 3126(a)(7)- three hundred twenty seven (327) counts – (Misdemeanor Offenses) stated in "Affidavit of Probable Cause", Docket No: CR-374-2004, and/or omitted "Bill of Particulars", or even at Jury Trial, and properly gave "Notice" to, Raymond E. Haun and violated his "Federal Due Process Rights", to have a plausible defense? Refer to U.S. Constitution 5th & 14th Amendment. Id. 42 Pa.R.Crim.P. Rule 572(A).

6. Did the (Criminal Pleadings) define each statutory charged offenses; in "Affidavit of Probable Cause" CR-374-2004, especially "INDECENT ASSAULT CHARGES", 18

Pa.C.S.A. § 3126(a)(6) – one hundred ninety one (191) counts – Misdemeanor Offenses) and 18 Pa.C.S.A. § 3126(a)(7)- three hundred twenty seven (327) counts – (Misdemeanor Offenses) (in generic terms), including AGGRAVATED INDECENT ASSAULT, 18 Pa.C.S.A. § 3125 (sub sec 6) and CRIMINAL ATTEMPT, 18 Pa.C.S.A. § 901, violating Due Process of Law? Refer to Fed. R. Civil.P. Rule 8(d)(e).

7. Did "Centre County" exceed their legislative authorization by imposing multiple punishment for the "same offense" namely INDECENT ASSAULT charges (specifically) 18 Pa.C.S.A. § 3126(a)(6) – one hundred ninety one (191) counts and 18 Pa.C.S.A. § 3126(a)(7)- three hundred twenty seven (327) counts that was literally "Carbon Copy Counts" with the same "Factual Basis? Id. 1 Pa.C.S.A. § 1921 – 1928; 42 Pa.C.S.A. § 9781(a). Id. U.S. Constitution; Article I, § 10 & 26 of Pennsylvania Constitution.

8. Did the prosecutor failure to file and consolidate charges that were logically related, and common issues of law and fact that was shared on nthe same statutory offenses, specifically 18 Pa.C.S.A. § 3126(a)(6) & 18 Pa.C.S.A. § 3126(a)(7), that totaled five hundred eighteen (518) counts (on or about) over a period (approximately between June 1994 through May 1997), bar successive prosecutions for the same offenses (Criminal Episode) and "Collateral Estoppel" violate Double Jeopardy Clause, 5th Amendment, U.S. Constitution and Pennsylvania Constitution, Article I, § 10 under 18 Pa.C.S.A. § 109-111? Id. 42 Pa.R.E. § 404(b)(2)(3)(4).

9. Whether the Commonwealth of Pennsylvania (Centre County) charge Petitioner (Raymond E. Haun) (said Appellant) with two (2) statutory charges although different, Criminal Attempt, 18 Pa.C.S.A. § 901 and Aggravated Indecent Assault, 18 Pa.C.S.A. § 3125(a)(6), that was filed ambiguously, pursuant to, 1 Pa.C.S.A. § 1921(a)(b)(1), must be construed as the same offense "Statutes in Pari Materia" 1 Pa.C.S.A.§ 1932(a)(b); 1 Pa.C.A. § 1921-1928?

10.    Did the Commonwealth of Pennsylvania (Centre County) commit reversible error, charging in information (Raymond E. Haun) with; Indecent Assault, 18 Pa.C.S.A. § 3126(a)(6), one hundred ninety one (191) Counts and 18 Pa.C.S.A. § 3126(a)(7), three hundred twenty seven, (327) counts, that wasn't (consolidated nor separated) before Jury Trial that shared issues of law and fact, must be considered only two separate elements, against the peace and dignity of the Commonwealth of Pennsylvania, and must be considered "Statutes in Pari Materia", pursuant to 1 Pa.C.S.A. § 1932(a)(b); 1 Pa.C.S.A. § 1921-1928?

11.    Did the Commonwealth of Pennsylvania (Centre County have jurisdiction over (Raymond E. Haun) successive Post Collateral Act Petition, pursuant to 42 Pa.C.S.A. § 9541-9546, that challenges the "Illegal Sentences" that was "cruel and unusual" punishment that was excessive, totaling ninety seven (97) years? Id. 42 Pa.C.S.A. § 9781(a)(c)(3)(d)(1-4); 42 Pa.C.S.A. § 9721(b).

Appellant's Brief at 4-7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008)

(explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The statutory exceptions to the timeliness provisions allow for very limited circumstances to excuse the late filing of a petition;[1] a petitioner

---

[1] **(b) Time for filing petition.—**

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(1)-(2).

Here, Appellant's Judgment of Sentence, became final on August 1, 2005. **See** 42 Pa.C.A. § 9545(b)(3). In order to be timely, Appellant must have submitted his PCRA Petition by August 1, 2006. **See** 42 Pa.C.S. § 9545(b)(1). Appellant filed the instant Petition on June 27, 2016, more than 10 years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Ct. Order, 8/15/16.

In his PCRA Petition and in his Brief to this Court, Appellant "makes various allegations he believes amount to governmental interference, constitutional violations, and ineffective assistance of counsel." PCRA Ct. Op., 7/20/16, at 1. With respect to these claims, Appellant does not invoke or argue any timeliness exception. Accordingly, Appellant is not entitled to relief on these claims. **See** 42 Pa.C.S. § 9545(b)(1) (placing the burden on petitioner to prove one of these exceptions).

In his final issue in the Statement of Questions section of his appellate Brief, Appellant attempts to invoke this Court's jurisdiction by averring that his sentence is illegal. This claim fails for two reasons. First, Appellant has not set forth any argument in his Brief in support of this allegation.

---

42 Pa.C.S. § 9545(b)(1)(i)‑(iii)

Accordingly, it is waived. *See* Pa.R.A.P. 2119(a); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citations omitted)).

Even if Appellant had not waived this issue he would not be entitled to relief, as he has not invoked a timeliness exception to explain his delay in raising this claim. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, all claims cognizable under the PCRA, including a legality of sentencing issue, must be raised in a timely filed PCRA Petition over which we have jurisdiction. *See* 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA,, claims must first satisfy the PCRA's time limits or one of the exceptions thereto.").

Following our review of Appellant's PCRA Petition, we conclude Appellant failed to assert a claim that satisfies an exception to the PCRA's time limits. Moreover, to the extent that Appellant's challenges the legality of his sentence, we agree with the PCRA court that Appellant "does not assert, nor does he prove, that any of the claims raised within his *Nunc Pro*

*Tunc* PCRA were presented within sixty days of the date he learned of the information forming the basis of his allegations. Moreover, upon review of [Appellant's] allegations, it appears each allegation deals with facts previously known to [Appellant] during proceedings in the trial court."[2] Trial Ct. Op., at 1-2. Appellant's claim, thus, fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2017

---

[2] In fact, the majority of Appellant's claims center around his charging documents, joinder of his claims, and merger of his charges, all of which he was aware of since at least the time of his sentencing on June 30, 2005.